JORGE E. GIMÉNEZ ÁLVAREZ, demandante y recurrido, *v.* DR. MIGUEL A. SILÉN MALDONADO ET AL., demandados y recurrentes.

*Número:* RE-87-163 *Resuelto:* 30 de junio de 1992

---

*Danilo M. Eboli*, de *Goldman, Antonetti, Ferraiouli & Axtmayer,* y *Rafael Rodríguez*, abogados del recurrente; *Juan T. Peñagarícano*, abogado del recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En el presente recurso se nos solicita que revisemos una sentencia parcial que desestimó una reconvención en la cual se reclamaban daños alegadamente causados por alegaciones difamatorias, falsas y libelosas en la demanda, hechas de forma negligente.

I

*Los hechos*

El demandante recurrido, Jorge E. Giménez Álvarez, presentó una demanda jurada solicitando se declarasen nulos e inexistentes por simulación y fraude ciertos negocios jurídicos efectuados mediante escrituras públicas autorizadas por el codemandado-recurrente, Lcdo. Baldomero Roig Vélez.(¹) En su contestación a la demanda, el recurrente presentó reconvención alegando que al imputarle un delito penable en el otorgamiento de las escrituras mencionadas en la demanda se le han ocasionado daños, ya que estas alegaciones son difamatorias, falsas, libelosas y hechas negligentemente. Estimó los daños causados a su reputación al haber sido "perjudicado en su profesión la cual ha venido practicando por cerca de cincuenta años" en un millón de dólares ($1,000,000).

Luego de una serie de trámites procesales, la parte demandante solicitó la desestimación de la reconvención. Alegó que en esta jurisdicción el presentar una demanda no constituye fuente de responsabilidad. Al acoger la solicitud de desestimación, el foro de instancia expresó que "[s]i los demandantes han actuado de mala fe y temerariamente al presentar esta demanda el remedio que tienen a su favor los demandados es la concesión en su día de honorarios de abogados. *Pereira v. Hernández*, 83 D.P.R. 160, 165 (1961)".(²)

Inconforme, el codemandado licenciado Roig Vélez pre-

---

(¹) En la demanda figuran además como demandados el Dr. Miguel A. Silén Maldonado, Nilda Berríos de Silén, la sociedad de gananciales compuesta por ambos, Luis Domínguez Guerrero, Olga Berríos de Domínguez y la sociedad de bienes gananciales compuesta por ambos.

(²) Cabe señalar que los codemandados Dr. Miguel A. Silén Maldonado, Nilda Berríos de Silén y la sociedad de bienes gananciales compuesta por ambos también reconvinieron alegando entre otras cosas que la demanda fue presentada "de mala fe y constituye un abuso intencional del proceso y de los procedimientos". El tribunal de

sentó escrito de revisión alegando, en síntesis, que el tribunal de instancia erró al desestimar la reconvención por confundir la acción del recurrente como una de persecución maliciosa y/o abuso del derecho.

## II

*Las acciones por persecución maliciosa y uso indebido o injustificado de los procedimientos legales*

 En numerosas ocasiones hemos reiterado la doctrina de que en nuestra jurisdicción no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil. *Commonwealth Loan Corp. v. García*, 96 D.P.R. 773 (1968); *Berríos v. International Gen. Electric*, 88 D.P.R. 109 (1963); *Pereira v. Hernández*, 83 D.P.R. 160 (1961); *Suárez v. Suárez*, 47 D.P.R. 97 (1934); *López de Tord & Zayas v. Molina*, 38 D.P.R. 823 (1928). Sin embargo, a manera de excepción, hemos reconocido la procedencia de una acción de daños y perjuicios por persecución maliciosa cuando los hechos del caso revelan circunstancias extremas en que se acosa al demandante con pleitos injustificados e instituidos maliciosamente. Para que pueda instituirse con éxito un pleito de esta naturaleza deben concurrir los siguientes requisitos:

> (1) que una acción civil fué iniciada, o un proceso criminal instituído, por el demandado o a instancia de éste; (2) que la acción, o la causa, terminó de modo favorable para el demandante; (3) que fué seguida maliciosamente y sin que existiera causa probable, y (4) que el demandante sufrió daños y perjuicios como consecuencia de ello. Fonseca v. Oyola, 77 D.P.R. 525, 528 (1954).

██ En *Pereira v. Hernández*, supra, págs. 164–165, expresamos que "[e]n términos generales, el Derecho Puerto-

---

instancia también desestimó esta reconvención. Estos codemandados no recurrieron de esta sentencia parcial.

rriqueño no reconoce la existencia de la acción civil de daños y perjuicios como consecuencia de un pleito civil. [En ausencia de disposición expresa concediendo una causa de acción, la] *sanción judicial por el uso indebido de los procedimientos legales se traduce en la condena en costas y honorarios de abogado [y cuando proceda, intereses legales por temeridad] dentro del mismo pleito*".([3]) (Énfasis suplido y escolios omitidos.)

■ En el caso de autos no existen circunstancias que nos muevan a apartarnos de la regla general esbozada en el caso *López de Tord Zayas v. Molina*, supra, sobre la no procedencia de la acción civil. De no resultar victoriosa la parte demandante, si el Tribunal en su discreción determina que ésta procedió con temeridad, procede la imposición de honorarios de abogado. Cabe señalar, sin embargo, que en el caso de autos el foro de instancia desestimó la demanda en su totalidad por haber demostrado la parte demandante un marcado desinterés en el caso, y no hizo determinación específica de temeridad ni impuso el pago de honorarios de abogado.([4]) Ninguno de los demandados, incluyendo el recurrente, los solicitó o recurrió oportunamente para revisar esta sentencia.

Pasemos a analizar si procedería la reconvención fundamentada en una causa de acción por libelo.

### III

*Causa de acción por libelo*

La protección contra expresiones difamatorias o libelosas surge de varias fuentes: primeramente el Art. II, Sec. 8 de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1; en segundo lugar la Ley de Libelo y Calumnia, Ley

---

([3]) Reglas 44.1 (a), (d) y 44.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

([4]) Sentencia de 15 de octubre de 1991 notificada el 1ro de noviembre.

de 19 de febrero de 1902 (32 L.P.R.A. sec. 3141 *et seq.*), la cual establece una acción civil por daños y perjuicios ocasionados por libelo y calumnia. *Méndez Arocho v. El Vocero de P.R.*, 130 D.P.R. 867 (1992); *Cortés Portalatín v. Hau Colón*, 103 D.P.R. 734 (1975). Esta ley "sobrevive tan sólo en cuanto es compatible con esa Constitución". *Clavell v. El Vocero de P.R.*, 115 D.P.R. 685, 690 (1984), y casos allí citados. Por último, surge al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Véanse, además: *González Martínez v. López*, 118 D.P.R. 190 (1987); *Oliveras v. Paniagua Diez*, 115 D.P.R. 257 (1984); *Torres Silva v. El Mundo, Inc.*, 106 D.P.R. 415 (1977); *Romany v. El Mundo, Inc.*, 89 D.P.R. 604 (1963).

■ La litigación en casos de difamación ilustra el conflicto de dos (2) valores de alto interés público: la libertad de expresión y el derecho de intimidad en el contexto de proteger a la persona contra ataques infundados a su honra y reputación. Tal conflicto ha resultado en la exigencia, como imperativo constitucional, de cierto grado de prueba en casos en que es necesario proteger en mayor grado la libertad de expresión. *Clavell v. El Vocero de P.R.*, supra; Art. II, Secs. 4 y 8, Const. E.L.A., L.P.R.A., Tomo 1; *Méndez Arocho v. El Vocero de P.R.*, supra.

■ El resultado práctico de estas exigencias constitucionales ha sido establecer un tipo de privilegio limitado a favor de quien hace la expresión. Algunos tribunales han reconocido también otros tipos de privilegios o inmunidades para lograr que se protejan y adelanten otros intereses sociales e individuales de mayor importancia que el posible daño a la reputación de una persona. Dependiendo de la importancia del interés que se quiera promover, la inmunidad reconocida ha sido en algunas ocasiones limitada y en otras absoluta. W.P. Keeton, *Prosser and Keeton on Torts*, 5ta ed., Minnesota, Ed. West Publishing Co., 1984, págs. 815–816. Una de las situaciones en las que general-

mente se reconoce inmunidad es durante los procedimientos judiciales. La inmunidad no se limita a las expresiones que pueda efectuar un juez, sino que incluye las expresiones de los testigos y de los abogados. Debido al interés público en la administración de la justicia y en permitir un amplio y libre acceso a los tribunales, la inmunidad se extiende también a lo expresado con relación a la controversia, ya sea a través de las alegaciones, en declaraciones juradas o en corte abierta. Íd., págs. 816–817 y casos allí citados.

En Estados Unidos varias jurisdicciones han adoptado la norma de inmunidad que impera en Inglaterra, mediante la cual se considera que toda manifestación contenida en las alegaciones de una demanda debe estar totalmente protegida, independientemente de su relación con la controversia del pleito. Otros estados han optado por una norma menos amplia, mediante la cual se concede un privilegio absoluto sólo cuando la manifestación aseverada en las alegaciones tiene algún tipo de relevancia o relación con el asunto en controversia. Esta regla ha sido modificada en algunas jurisdicciones para requerir, además, que la aseveración haya estado fundamentada en causa probable y no haya sido maliciosa. Anotación, *Relevancy of Matter Contained in Pleading as Affecting Privilege within Law of Libel*, 38 A.L.R.3d 272, 277–279 (1971).

En Puerto Rico, la Sec. 4 de la Ley de Libelo y Calumnia, *supra*, 32 L.P.R.A. sec. 3144, reconoce un tipo de privilegio similar. La misma establece que "[*n*]*o se tendrá por maliciosa*, ni como tal se considerará *la publicación que se hace en un procedimiento* legislativo, *judicial*, u otro procedimiento cualquiera autorizado por la ley". (Énfasis suplido.) Dentro de dicho contexto debe considerarse que la demanda es una "publicación que se hace en un procedimiento ... judicial" (íd.) y que cualquier manifestación allí aseverada estaría impedida de considerarse como mali-

ciosa para propósitos de una acción de libelo si ésta tiene algún tipo de relación con el asunto en controversia.

Así, pues, en *Díaz v. P. R. Ry., Lt. & P. Co.*, 63 D.P.R. 808, 811 (1944), expresamos que "[u]na comunicación privilegiada es aquella que, a no ser por la ocasión o las circunstancias, sería difamatoria y sujeta a reclamación". Ya desde 1928 habíamos determinado que una petición hecha a un tribunal, al ser una comunicación privilegiada, no puede ser considerada como libelo. *López de Tord & Zayas v. Molina*, supra, pág. 838. *Cf. Villanueva v. Hernández Class*, 128 D.P.R. 618 (1991).

IV

*Remedios procesales —Reglas 9, 10.6, 44.1 (d) y 44.3 (b) de Procedimiento Civil— Canon 17 de Ética Profesional*

Sin embargo, el hecho de que no proceda la reclamación de daños no significa que la persona contra quien se hagan expresiones libelosas o difamatorias en una alegación está indefensa. La Regla 10.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que el tribunal, motu proprio o a petición de parte, puede ordenar que se elimine de una alegación cualquier materia difamatoria. De otra parte, la Regla 9 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que "[l]a firma de un abogado equivale a certificar el haber leído el escrito; *que de acuerdo con su mejor conocimiento, información y creencia está bien fundado; y que no ha sido interpuesto para causar demora u opresión.* Si un escrito [fuere interpuesto] con el propósito de frustrar ... esta regla, podrá ser eliminado como simulado y falso, y el pleito podrá continuar como si no se hubiere notificado tal escrito. La violación voluntaria de esta regla por parte de un abogado dará lugar a la imposición de sanciones en su contra. *Igual acción se tomará si se introducen materias difamatorias ...*". (Énfasis suplido.) Como podrá

observarse, tanto la Regla 9, *supra*, como la citada 10.6 proveen para la eliminación de materia difamatoria o libelosa de una alegación.

■ Al amparo de Reglas 44.1 (d) y 44.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, queda facultado para imponer honorarios de abogado e intereses por temeridad a favor de la parte victoriosa en toda acción en que la otra parte haya actuado con temeridad.

■ Cabe señalar, además, que todo abogado que firme una alegación libelosa o difamatoria podría, además de lo dispuesto en la Regla 9 de Procedimiento Civil, supra, estar sujeto a medidas disciplinarias. Canon 17 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.[5]

## V

*Conclusión*

En el caso de autos, las expresiones alegadamente difamatorias fueron hechas en las alegaciones de la demanda jurada por el demandante, que además estaba firmada por su abogado. Las alegaciones en cuestión estaban directamente relacionadas con la controversia central del pleito. Bajo las circunstancias específicas de este caso, las expresiones son privilegiadas y no pueden servir de base para

---

[5] El Canon 17 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone: *Litigios injustificados*

*"Todo abogado debe negarse a representar a un cliente en un caso civil cuando estuviere convencido de que se pretende por medio del pleito molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño.* Su comparecencia ante un tribunal debe equivaler a una afirmación sobre su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial. La firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia está bien fundada.

"Un abogado deberá solicitar permiso del tribunal para renunciar la representación profesional de su cliente en un caso en litigio cuando se convenza durante el curso del pleito que el mismo es injustificado y que se pretende por medio del proceso molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño." (Énfasis suplido.)

una reclamación en daños por alegadamente constituir aseveraciones "difamatorias, falsas, libelosas y hechas negligentemente".

El codemandado-recurrente pudo haber solicitado, en su momento, al tribunal de instancia, que se eliminaran de las alegaciones aquellas que consideraba difamatorias y se impusieran sanciones, al amparo de las Reglas 9 y 10.6 de Procedimiento Civil, *supra*. Además, finalizado el pleito, pudo haber solicitado que se determinara que hubo temeridad y se impusieran honorarios de abogado.[6] Optó por no utilizar los remedios que ofrece nuestro ordenamiento procesal.

Por todas las razones esbozadas anteriormente, *se dictará sentencia confirmando la emitida por el Tribunal Superior, Sala de Bayamón, mediante la cual se desestimó la reconvención.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López no intervino. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.

---

[6] En aquellos casos de cobro de dinero o daños y perjuicios en que el tribunal dicte sentencia ordenando el pago de dinero, la persona también podrá solicitar intereses por temeridad. Regla 44.3 (b) de Procedimiento Civil, *supra*.