*In re* VÍCTOR A. VÉLEZ CARDONA, querellado.

*Número:* CP-98-4          *Resuelto:* 4 de junio de 1999

*Carlos Lugo Fiol, Procurador General,* y *Cynthia Iglesias Quiñones, Procuradora General Auxiliar,* abogados de El Pueblo; *Pedro Malavet Vega,* abogado de la parte recurrida.

PER CURIAM:

## I

El Lcdo. Adrián Torres Rodríguez, Fiscal Auxiliar II, y la Sra. Wanda E. Rivera Vélez se quejaron contra el Lcdo. Víctor Vélez Cardona por alegada conducta antiética desplegada como abogado defensor en el caso criminal Núm. LICR 96–00332, *Pueblo v. Walter Caraballo Vicens.*

Según las quejas, el licenciado Vélez Cardona, en un escrito de apelación ante el Tribunal de Circuito de Apelaciones, hizo alegaciones falsas sobre la conducta e integridad profesional del Fiscal Torres Rodríguez, y la reputación de la señora Rivera Vélez. Específicamente, Vélez Cardona le imputó a Torres Rodríguez tener un interés no normal en el caso de su cliente, aduciendo como razón tener información de que "existen unas relaciones entre el señor fiscal y la supuesta perjudicada, que no son las relaciones cordiales y comunes que puedan haber en estos casos. La evidencia que tenemos es que ella asiste asiduamente a hablar con el señor Fiscal en privado y que hay comentarios que no son los mejores para el señor Fiscal".

El licenciado Vélez Cardona en su contestación aduce que los hechos planteados en la apelación fueron traídos a

su consideración por el acusado Walter Caraballo, su esposa y otros, con pleno conocimiento de los mismos.

Luego de la correspondiente investigación e informe, cumpliendo nuestro mandato, el Procurador General formuló querella imputándole al licenciado Vélez Cardona infracciones a los Cánones 15, 18, 19, 29, 30 y 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Designamos Comisionado Especial al ex Juez Superior Hon. Arnaldo López Rodríguez. Previa vista evidenciaria, rindió su informe contra el cual el Procurador General presentó objeción a la valoración ética que el Comisionado Especial hizo sobre la conducta del licenciado Vélez Cardona. Resolvemos.

## II

La moderación del lenguaje es uno de los primeros deberes del abogado. Implica evitar la grosería, imputaciones falsas y, sobre todo, alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud. *In re Cardona Álvarez*, 116 D.P.R. 895 (1986).

Las imputaciones plasmadas en el escrito de apelación firmado por el licenciado Vélez Cardona fueron impropias e indebidas. Desatendieron el trato, respeto y consideración debidos hacia testigos y litigantes adversos. Canon 15 del Código de Ética Profesional, ante.

El señalamiento del licenciado Vélez Cardona en el escrito de apelación, sin prueba, infringió el Canon 18 del Código de Ética Profesional, ante. Insinuaciones de esta naturaleza devalúan la dignidad de su ministerio. *In re Martínez Texidor*, 130 D.P.R. 905 (1992). La abogacía, si bien al decir de Couture "es un debate de pasiones",[1] reclama una defensa "libre de personalismos y posiciones

---

[1] E.J. Couture, *Los Mandamientos del Abogado*, Buenos Aires, Ed. Depalma, 1986.

subjetivas que l[a] degradan a vulgar diatriba". *García Santiago v. Acosta*, 104 D.P.R 321, 323 (1975).

■■■ La conducta del licenciado Vélez Cardona, además, violentó los valores que inspiran los Cánones 29 y 30 del Código de Ética Profesional, ante, sobre relaciones entre abogados, a saber, abstenerse de "hacer imputaciones falsas que afecten la reputación y el buen nombre de un compañero". A fin de cuentas, la preservación del honor y las buenas relaciones entre abogados es responsabilidad ineludible de toda la profesión legal. En pocas palabras, exige una actitud respetuosa, sincera y cordial. Véanse: *In re Martínez Texidor*, ante; *In re Roldán González*, 105 D.P.R. 498 (1976); *In re Anca y Marín Báez*, 104 D.P.R. 550 (1976).

## III

El Procurador General en su informe y querella nos llama la atención al hecho de que el recurso apelativo presentado por el licenciado Vélez Cardona ante el Tribunal de Circuito de Apelaciones fue desestimado por falta de jurisdicción basado en no haberlo notificado a su oficina dentro del término reglamentario. Argumenta que el licenciado Vélez Cardona incurrió en conducta contraria al Canon 18 del Código de Ética Profesional, ante, al ser negligente en el manejo de la apelación. Tiene razón. Aún cuando fue advertido de su error en la sentencia del Tribunal de Circuito de Apelaciones el 17 de marzo de 1997, el querellado Vélez Cardona presentó un nuevo recurso apelativo ante nos, fundamentado en reglamentos y disposiciones legales obsoletas.

En las circunstancias expuestas, procede imponer como sanción una suspensión de dos (2) meses del ejercicio de la abogacía y la notaría. Queda apercibido, que transgresio-

nes de este tipo o de naturaleza ética serán sancionadas con mayor severidad.

*Se dictará la correspondiente sentencia.*