EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Banco Popular de Puerto Rico<br><br>Demandante-recurrido<br><br>v.<br><br>Carlos Juan Luna González, Gloria E. Pérez Valentín y la SLG, compuesta por ambos, et als<br><br>Demandados-peticionarios | Certiorari<br><br>2007 TSPR 49<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2006-1080

Fecha: 16 de marzo de 2007

Tribunal de Apelaciones:

> Región Judicial de Arecibo

Juez Ponente:

> Hon. José M. Aponte Jiménez

Abogado de la Parte Peticionaria:

> Lcdo. Ismael Febres Nieves

Abogada de la Parte Recurrida:

> Lcda. Velma E. Díaz Carrasquillo

Materia: Cobro de Dinero y Ejecución de Hipoteca

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Popular de Puerto Rico

    Demandante-recurrido

       vs.

Carlos Juan Luna González,
Gloria E. Pérez Valentín y
la SLG, compuesta por ambos,
*et als.*

    Demandados-peticionarios

CC-2006-1080    CERTIORARI

RESOLUCIÓN

San Juan, Puerto Rico, a 16 de marzo de 2007

    Examinada la moción de reconsideración presentada por la parte peticionaria, se provee no ha lugar.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión Disidente. El Juez Asociado señor Fuster Berlingeri reconsideraría.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Popular de Puerto Rico

    Demandante-recurrido

        vs.                        CC-2006-1080     CERTIORARI

Carlos Juan Luna González,
Gloria E. Pérez Valentín, etc.

    Demandados-peticionarios


OPINIÓN DISIDENTE EMITIDA, EN ETAPA DE RECONSIDERACIÓN, POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 16 de marzo de 2007

El pasado 9 de febrero de 2007, y mediante Resolución a esos efectos, una <u>mayoría</u> de los integrantes de Tribunal <u>denegó</u> el presente recurso de *certiorari.* En dicha Resolución, se hizo constar que los "Jueces Asociados señor Rebollo López y señor Fuster Berlingeri expedirían". Los peticionarios Ramón Caballero Serrano y su esposa, Aida Luz Rivera Martínez, han solicitado la reconsideración de la mencionada determinación.

En el día de hoy, la Mayoría se reitera en la denegatoria que proveyera el 9 de febrero de 2007. Por ser del criterio que el Tribunal, al así actuar, está cometiendo una injusticia con

dos octogenarios que tienen derecho a un remedio legal, hoy disentimos por escrito.

En síntesis, los peticionarios, el matrimonio Caballero-Rivera, han comparecido ante este tribunal en revisión de una errónea sentencia emitida por el Tribunal de Apelaciones mediante la cual dicho foro judicial confirmó la errónea determinación que hiciera el Tribunal de Primera Instancia, Sala Superior de Arecibo, declarando sin lugar una reconvención presentada por los peticionarios --en reclamo de los daños y perjuicios sufridos-- contra el Banco Popular de Puerto Rico, como consecuencia de la actuación negligente de dicha institución financiera al radicar, equivocadamente, contra los peticionarios una demanda en cobro de dinero y ejecución de hipoteca.

La controversia planteada en el presente caso es sorprendentemente sencilla, a saber: si de los hechos, conforme los mismos surgen de las alegaciones plasmadas en la demanda y la reconvención, se puede concluir que los peticionarios tiene causa de acción, en daños y perjuicios, contra el Banco Popular de Puerto Rico. Contestamos dicha interrogante en la afirmativa. Veamos por qué.

I

El 25 de agosto de 2004, el Banco Popular de Puerto Rico radicó una demanda en cobro de dinero y ejecución de hipoteca, ante la Sala Superior de Arecibo del Tribunal de Primera Instancia, contra el Sr. Carlos Juan Luna González, la Sra. Gloria E. Pérez Valentín y la sociedad legal de bienes gananciales compuesta por ambos. En la demanda se incluyeron, equivocadamente,

como partes demandadas al matrimonio Caballero-Rivera, unos ancianos de 85 y 82 años respectivamente.

Los peticionarios Caballero-Rivera, luego de ser emplazados, contestaron la demanda, negando los hechos, y radicaron una reconvención por daños y perjuicios en la cual alegaron que nunca habían suscrito un préstamo u otorgado hipoteca con el Banco Popular y que dicha institución financiera, obviamente, no había realizado una investigación responsable para poder identificar, correctamente, a las partes deudoras en este caso. Señalaron que dicha actuación negligente del Banco Popular afectó su reputación, integridad y honestidad y que tal acción afectó el crédito excelente que habían mantenido por más de 40 años, sufriendo daños que calcularon en $10,000. Además, reclamaron $30,000 por concepto de sufrimientos y angustias mentales.

El Banco Popular presentó una moción de desistimiento voluntario, indicando que desistía de la acción en cobro de dinero y ejecución de hipoteca contra el matrimonio Caballero-Rivera, <u>aceptando que éstos no tenían deuda alguna con dicha entidad bancaria</u>. Alegó, como excusa de su negligente actuación, que su inclusión en la demanda se debió a una información equivocada suministrada en el estudio de título sobre la propiedad objeto de ejecución realizado por una compañía independiente en el cual éstos surgían como titulares registrales de la propiedad hipotecada. Solicitó la desestimación de la reconvención.

El foro de instancia, mediante sentencia a esos efectos, decretó el archivo de la reclamación en cobro de dinero y ejecución de hipoteca, contra el matrimonio Caballero-Rivera, por desistimiento, sin perjuicio. Dicho tribunal señaló una vista a

los fines de dilucidar la solicitud de desestimación de la reconvención. Posteriormente, el foro de instancia emitió sentencia parcial declarando sin lugar la reconvención presentada por los esposos Caballero-Rivera. Concluyó el referido foro que la inclusión de éstos en la demanda "no es una que tuvo la intención de ocasionarle daños ni tampoco constituye una persecución maliciosa contra aquéllos".

Inconformes, los peticionarios Caballero-Rivera acudieron ante el Tribunal de Apelaciones. Dicho foro apelativo intermedio confirmó la sentencia apelada. Resolvió que no procedía una acción en daños por persecución maliciosa como consecuencia de un pleito civil. Sin embargo, devolvió el caso al Tribunal de Primera Instancia para que determinara si resulta procedente la imposición de costas y honorarios de abogado al Banco Popular.

Insatisfechos, el Sr. Ramón Caballero Serrano y la Sra. Aida Luz Rivera Martínez acudieron ante este Tribunal --vía *certiorari*-- planteando que el foro apelativo intermedio erró:

> ... al confirmar la Sentencia por el fundamento de que la radicación de una demanda y el diligenciamiento del emplazamiento no genera una causa de acción.

> ... al determinar que existe una controversia real y genuina respecto a si el Banco Popular incurrió en negligencia y no obstante ello confirmar la Sentencia desestimando la reconvención incoada reclamando los daños causados por la negligencia de la parte demandante-recurrida.

### III

Como podemos notar, la parte peticionaria plantea, en síntesis, que incidió el Tribunal de Apelaciones al determinar que no procedía una acción en daños y perjuicios contra el Banco Popular. Veamos.

El Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, establece que:

> "El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."

Como es de todos conocido, para que exista responsabilidad bajo esta disposición estatutaria, es necesario: (1) que alguien sufra un daño; (2) que el mismo sea producto de una acción u omisión culposa o negligente; (3) y que exista relación causal entre el daño y la conducta culposa o negligente. Pacheco v. E.L.A., res. el 24 de febrero de 2005, 2005 TSPR 14.

El Artículo 1802 "se enuncia en forma general y sin concretarse a determinados tipos de infracción, lo que presupone una norma genérica que prohíbe causar daño a otro mediante conducta, ya sea activa, ya pasiva." Pacheco v. E.L.A., *supra*, citando a Sociedad de Gananciales v. González Padín, 117 D.P.R. 94, 105 (1986). El concepto de culpa recogido en el Art. 1802 es infinitamente abarcador, tanto como lo puede ser la conducta humana. Pacheco v. E.L.A., *supra*.

Sabido es que en Puerto Rico no existe, de ordinario, la acción civil de daños y perjuicios por persecución maliciosa como consecuencia de un pleito civil. López de Tord & Zayas v. Molina, 38 D.P.R. 823 (1928). No obstante, y a manera de excepción, este Tribunal ha reconocido la acción de persecución maliciosa en casos de reclamaciones civiles que luego resultan improcedentes cuando ocurren circunstancias extremas en que, realmente, se persigue y hostiga a un demandado con reiterados pleitos de naturaleza civil injustificados e instituidos maliciosamente. Fonseca v. Oyola, 77

D.P.R. 525 (1954). En estos casos, el demandante viene en la obligación de demostrar que el demandado actuó de mala fe, sin causa probable y con el deliberado propósito de causar daño y estrago. Raldiris v. Levitt & Sons of P.R. Inc., 103 D.P.R. 778 (1975). Siendo la malicia un elemento esencial de la persecución maliciosa, en nuestro ordenamiento se le cataloga como una acción en daños y perjuicios causados por conducta torticera intencional bajo el Artículo 1802 del Código Civil. Pachecho v. E.L.A., *supra*. Hemos resuelto que, en ausencia de disposición expresa concediendo dicha causa de acción, la sanción judicial por el uso indebido de los procedimientos legales se limita a la condena en costas y honorarios de abogado y, cuando proceda, intereses legales por temeridad. Giménez Álvarez v. Silén Maldonado, 131 D.P.R. 91, 97 (1992); Pereira v. Hernández, 83 D.P.R. 160 (1961).

En nuestro criterio, el caso de autos no versa sobre una acción de daños y perjuicios por persecución maliciosa sino sobre una acción en daños por conducta negligente. A pesar que en el presente caso no se configura una causa de acción por persecución maliciosa, por faltar el elemento de malicia, sí se configura una causa de acción por daños al amparo del Art. 1802 del Código Civil por la conducta crasamente negligente desplegada por el Banco Popular.

El Banco Popular de Puerto Rico es una poderosa institución bancaria, la cual tiene a su disposición grandes recursos económicos, los cuales, cuando menos, le permiten realizar una adecuada investigación antes de radicar una demanda en contra de una ciudadano. A pesar de ello, en el presente caso entabló equivocada y negligentemente una demanda en cobro de dinero y

ejecución de hipoteca contra unos ancianos de aproximadamente 85 años, los cuales no eran los deudores de la deuda que se pretendía cobrar. Dicho hecho era de fácil corroboración ya que el Banco tenía en su poder la escritura de constitución de hipoteca y el pagaré, de los cuales claramente surgía que los demandados no eran los deudores. A nuestro entender, lo anterior demuestra la forma negligente y descuidada en que el Banco actuó en este caso, al entablar una demanda sin cotejar sus propios récords. Por otro lado, surge del expediente ante nos, que los ancianos demandados alegaron que temieron perder su residencia al ser emplazados y que dicha situación le causó grandes angustias. Además, alegaron que tuvieron que acudir al médico por padecer de desórdenes de ansiedad, perturbación en su estado anímico, depresión mayor e insomnio causados por la actuación del Banco y que tuvieron que ser asistidos por sus vecinos en dicho proceso[1], lo cual, ciertamente, son daños reclamables.

En resumen, a pesar de entender que en el presente caso no se configura una causa de acción por persecución maliciosa, somos del

---

[1] Recientemente este Tribunal resolvió el caso de Gómez Pachecho v. E.L.A., *supra*, el cual presenta cierta similitud con el caso de epígrafe. En dicho caso, el Departamento de la Familia removió a una menor de su hogar porque alegadamente era maltratada por sus padres. Luego de realizarse los trámites judiciales de rigor, el Tribunal de Primera Instancia no encontró evidencia del alegado maltrato, por lo que los padres de la menor presentaron una demanda contra el E.L.A. y el Departamento de la Familia. El Tribunal de Primera Instancia desestimó la demanda al resolver que no hubo malicia por parte del Estado. El Tribunal de Apelaciones revocó dicha determinación. Este Tribunal, al confirmar el foro apelativo intermedio, resolvió que ni la inmunidad de la Ley para el Amparo de Menores en el Siglo XX1, Ley Núm. 343 de 16 de diciembre de 1999, ni la Ley de Pleitos contra el Estado, cobijan al E.L.A. ante una reclamación por una actuación negligente de uno de sus funcionarios. Se determinó que en este caso sí procedía una causa de acción por daños al amparo del Artículo 1802 por la conducta negligente del E.L.A.

criterio que existe una causa de acción por daños, al amparo del Artículo 1802 del Código Civil, por la conducta crasamente negligente desplegada por el Banco Popular al no verificar sus propios récords y radicar una demanda en cobro de dinero contra unas personas que no le adeudaban un centavo. Por tal razón, somos de la opinión, que el Tribunal de Apelaciones erró al confirmar la determinación del Tribunal de Primera Instancia de desestimar la reconvención presentada por los esposos Caballero Rivera, error que hoy el Tribunal acentúa al negarse a revisar, y revocar, dicha actuación.

Esta es una cuestión que debe ser dilucidada en un juicio plenario, conforme la prueba que presenten los peticionarios Caballero-Rivera y el Banco Popular de Puerto Rico.

Nuestro sistema de justicia debe ser uno que ampare y proteja tanto a los poderosos, como lo es Banco Popular de Puerto Rico, como a los menos afortunados de la vida, como lo son el matrimonio Caballero-Rivera. De eso es de lo que se trata cuando hablamos de "hacer justicia".


FRANCISCO REBOLLO LÓPEZ
Juez Asociado