# 2009 DTA 120

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE SAN JUAN
## PANEL III

ALFREDO CASTELLANOS Y OTROS
Apelantes

v.

GABLES TOWERS, INC. Y OTROS
Apelados

Núm. KLCE-2008-01802

San Juan, Puerto Rico, a 20 de agosto de 2009

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Cordero Vázquez y Cortés Trigo

Cordero Vázquez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Alfredo Castellanos Bayouth, et al. (el apelante) compareció con recurso de *Certiorari* en interés de que revisemos una Sentencia Parcial final dictada el 14 de noviembre de 2008 y notificada el 20 de noviembre de 2008, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Por ser lo procedente, acogemos el recurso como apelación para su disposición sin alterar su identificación alfanumérica.

Mediante la Sentencia apelada, el TPI desestimó la causa de acción por libelo y calumnia del apelante contra César H. Soto Cintrón y la S.L.G. (los apelados). Debemos resolver si en el caso del apelante es de aplicación lo dispuesto en la sección 4 de la Ley de Libelo y Calumnia de Puerto Rico, 32 L.P.R.A. sec. 3144, como fundamento de la desestimación apelada.

El apelante formula, en términos generales, el siguiente señalamiento de error al TPI:

**"(1) Erró el TPI al declarar Ha Lugar la moción de desestimación presentada por los demandados co-apelados César H. Soto y la Sociedad Legal de Gananciales."**

Ambas partes presentaron sus respectivos alegatos y resolvemos conforme a nuestra interpretación del derecho vigente aplicable a la controversia procesal presentada. Por considerar correcta en derecho la Sentencia

apelada, resolvemos confirmar.

## I

Los hechos pertinentes a la controversia de nuestro caso fueron resumidos por las partes. Los mismos aluden a **dos** Demandas que se relacionan entre sí por los hechos que exponemos a continuación.

El 21 de febrero de 2006, Gable Towers, Inc. y otros (también, los apelados), por conducto de su abogado, el Lcdo. César H. Soto Cintrón, presentaron una Demanda Enmendada sobre incumplimiento de contrato y cobro de dinero contra Castellanos Law Firm, P.S.C. y Castellanos & Castellanos Law Firm, P.S.C. (los demandados). **[1]** En la misma, los apelados le imputaron a los demandados, incumplimiento de contrato, falta de pago de cánones de arrendamiento, cánones de arrendamiento vencidos, intereses, recargos y daños, etc.

Luego de varios procedimientos interlocutorios judiciales en ese caso, los demandados presentaron una moción de disposición sumaria en el pleito de los apelados [KCD 05-4301 (903)]. Los apelados, a su vez, presentaron una *Moción en oposición a moción solicitando Sentencia Sumaria*.

Los demandados replicaron dicha moción dentro del litigio con una *Moción urgente solicitando se eliminen alegaciones y se impongan sanciones severas*. En esta moción, los demandados plantearon que los apelados presentaron serias imputaciones alegadamente libelosas, difamatorias y calumniosas en contra del apelante. En "particular" defensa del apelante, los demandados alegaron que las imputaciones en controversia se hicieron a un "tercero" que no era litigante en el caso. La abogada de los demandados argumentó en su moción que las imputaciones de los apelados contienen serias connotaciones éticas y penales que afectan la reputación del apelante.

El 2 de septiembre de 2008, de forma concurrente al litigio entre los apelados y los demandados –sobre incumplimiento de contrato y cobro de dinero–, el apelante presentó una Demanda (independiente) sobre Libelo y Calumnia, Daños y Perjuicios contra los apelados. **[2]** En su Demanda, el apelante reformuló los planteamientos que adelantaron los demandados al presentar su *"Moción urgente..."*.

El apelante plantea que en la *"Moción en oposición a moción solicitando Sentencia Sumaria"* (KCD 05-4301) de los apelados, le imputaron, entre otras cosas: "la utilización del ente corporativo (los demandados) para defraudar acreedores", renegar "de su responsabilidad de pagar cánones de arrendamiento" –"mediante utilización abusiva de diferentes entes corporativos... (*alter ego* del apelante)"– así como, hacer declaraciones falsas en una deposición referente a las corporaciones "Castellanos Law Offices", "Castellanos Law Firm PSC" y "Castellanos & Castellanos Law Firm PSC". El apelante también hace referencia a que se le imputó "radicar" una petición de quiebras que alegadamente le liberó de más de $700,000.00 en deudas lo que le "hace inmune a ataques colaterales de velos corporativos por los entes que establece para su gestión comercial".

El apelante sostiene que la moción de los apelados "es un documento público". Además expresa que los apelados "realizaron varios ataques maliciosos y viciosos contra el Lcdo. Castellanos, en clara violación a sus derechos, y a lo que dispone el Art. II, Sección 8 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico". A pesar de lo anterior, el apelante no presenta evidencia alguna de que a las expresiones se les dio excesiva publicidad fuera del contexto judicial.

Al referirse a sí mismo en su Demanda, el apelante se cataloga propiamente como una figura pública en nuestra jurisdicción. Esa conclusión la "evidenció" con sus planteamientos en relación a su participación en los asuntos públicos del país. El apelante se identifica como un abogado conocido públicamente y como comentarista público en los medios de comunicación.

El 23 de septiembre de 2008, los apelados presentaron una Moción de Desestimación en el caso del

apelante. Plantearon que las expresiones a las que hace referencia la Demanda del apelante son privilegiadas por haberse hecho en el contexto de un procedimiento judicial contra los demandados. El 14 de noviembre de 2008, el TPI dictó la Sentencia apelada. Inconforme, el apelante recurrió ante nuestro Tribunal.

## II

En *In re: Vélez Cardona*, 148 D.P.R. 505, 507 (1999), el Tribunal Supremo de Puerto Rico (TSPR), resolvió que "[l]a moderación del lenguaje es uno de los primeros deberes del abogado. Implica evitar la grosería, imputaciones falsas y, sobre todo, alegaciones contrarias a la verdad o desprovistas de una razonable presunción de exactitud". (Citas omitidas). El olvido de esa sabia admonición puede provocar controversias que enfrentan, de una manera u otra, dos derechos constitucionales fundamentales.

En **nuestra** jurisdicción, la protección contra expresiones difamatorias proviene de varias "fuentes"; éstas son: la Constitución de EE.UU. (Constitución federal), la Constitución del Estado Libre Asociado de Puerto Rico (Constitución del ELA), la Ley de Libelo y Calumnia de 19 de febrero de 1902, 32 L.P.R.A. secs. 3141-3149 (la Ley), y el Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5141 (Art. 1802). El Artículo II, Sección 8 de la Constitución del ELA (1 L.P.R.A.), protege el derecho a la intimidad de los individuos al establecer que "[t]oda persona tiene derecho a protección de ley contra ataques abusivos a su honra, a su reputación y a su vida privada o familiar." Ésta es la fuente primaria de protección contra expresiones difamatorias.

Las secciones 3142 y 3143 de la Ley, *supra*, disponen lo siguiente en su parte pertinente:

"Se entiende por libelo, la difamación maliciosa que públicamente se hace en contra de una persona, por escrito, impreso, signo, retrato, figura, efigie u otro medio mecánico de publicación, tendente a exponer a dicha persona al odio del pueblo o a su desprecio, o a privarle del beneficio de la confianza pública y trato social, o a perjudicarle en sus negocios;...

[...] (sec. 2).

Se entiende por calumnia la publicación falsa o ilegal, que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito, o que tienda directamente a perjudicarle con relación a su oficina, profesión, comercio o negocios, o que, como consecuencia natural, le cause daños reales y efectivos. (sec. 3).

A su vez, la sección 3144 de la Ley, *supra* (sec. 4), reconoce la doctrina del "privilegio restringido", la de la comunicación privilegiada, la del reportaje o informe justo y verdadero, así como la del comentario imparcial. Esa sección dispone lo siguiente:

"**No se tendrá por maliciosa, ni como tal se considerará la publicación que se hace en un procedimiento legislativo, judicial, u otro procedimiento cualquiera autorizado por la ley**. No se presumirá que es maliciosa la publicación que se hace:

*Primero*.—En el propio desempeño de un cargo oficial.

*Segundo*. —En un informe justo y verdadero de un procedimiento judicial, legislativo u oficial, u otro procedimiento cualquiera, o de algo dicho en el curso de dichos procedimientos.

*Tercero*.— A un funcionario oficial apoyada en causa probable, con la intención de servir al procomún, o de conseguir remedio a un perjuicio hecho a un particular." (Énfasis nuestro).

El Art. 1802 del Código Civil de Puerto Rico dispone, en su parte pertinente, que: "[e]l que por acción u omisión causa daño a otro mediando culpa o negligencia, está obligado a reparar el daño causado...", 31 L.P.R. A. sec. 5141.

En *Clavell v. El Vocero de P.R.*, 115 D.P.R. 685, 690-692 (1984), el TSPR resolvió, entre otros principios pertinentes, que "[d]os preceptos constitucionales en nuestro ordenamiento jurídico enmarcan el derecho de difamación". El TSPR se refiere al derecho de cada ciudadano a la protección contra ataques abusivos a su honra, reputación y a su vida privada o familiar por un lado, *vis a vis*, el derecho de todo ciudadano a que el Estado no apruebe ley alguna que restrinja la libertad de palabra o de la prensa. (Primera Enmienda de la Constitución federal y la Sección 4 del Artículo II (Carta de Derechos) de la Constitución del ELA).

Estos preceptos tienen que balancearse según las circunstancias particulares de una controversia. No obstante, en reconocimiento de que el Tribunal Supremo federal intervino en el campo de esas libertades, **[3]** en atención al derecho apremiante garantizado por la Primera Enmienda a la Constitución de los EE.UU. según aplicable a todos los Estados federados así como a los territorios, el TSPR reconoció que la norma vigente relativa a **funcionarios y figuras públicas** es que no se puede conceder indemnización por daños a la reputación en un caso por difamación "a menos que demuestre que la publicación se efectuó con **malicia real**, a sabiendas de que era falsa o con grave menosprecio de si era falsa o no". (Énfasis nuestro).

Estos principios quedan aclarados y ratificados para las demandas por difamación o "calumnia" en Puerto Rico en *Villanueva v. Hernández Class*, 128 D.P.R. 618, 640-641 (1991). Allí, el TSPR reconoció que la "vigencia de nuestra Ley de Libelo y Calumnia **está condicionada, naturalmente, a que su aplicación no sea incompatible con las antes citadas disposiciones de nuestra Constitución...ni con las interpretaciones judiciales que sobre la Primera Enmienda a la Constitución de los Estados Unidos tenga a bien hacer el Tribunal Supremo nacional**". (Énfasis nuestro y citas omitidas, excepto *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 348-349 (1974), por su particular relevancia. Elmer Gertz y el apelante tienen en común que ambos son abogados al momento de su Demanda por libelo).

En *Jiménez Álvarez v. Silén Maldonado*, 131 D.P.R. 91 (1992), el TSPR tuvo oportunidad de expandir su doctrina en la materia en controversia. Luego de hacer referencia a otras jurisdicciones y al 'privilegio restringido', el TSPR añadió que en Puerto Rico, la Ley, *supra*, "reconoce un tipo de privilegio similar... Dentro de dicho contexto debe considerarse que la demanda es una "publicación que se hace en un procedimiento... judicial" y que cualquier manifestación allí aseverada estaría impedida de considerarse como maliciosa para propósitos de una acción de libelo si ésta tiene algún tipo de relación con el asunto en controversia". *Giménez Álvarez v. Silén Maldonado*, *supra*, a las págs. 99-100. El TSPR añadió que "en *Díaz v. P.R. Ry., Lt. & P. Co.*, 63 D.P.R. 808, 811 (1944), expresamos que "[u]na comunicación privilegiada es aquella que, a no ser por la ocasión o las circunstancias, sería difamatoria y sujeta a reclamación". *Id*.

### III

El presente caso nos presenta la necesidad de examinar si las expresiones en controversia, dentro de un procedimiento judicial, están cobijadas por la defensa de la "doctrina del privilegio restringido" que se establece estatutariamente en la sec. 4, *supra*. Es decir, nos corresponde verificar si el TPI resolvió conforme a derecho al concluir "sumariamente" que los apelados están cobijados por la "doctrina del privilegio restringido" **en Puerto Rico** al formular las expresiones alegadamente libelosas.

Del análisis de los escritos podemos colegir que no hay controversia de la relevancia de la sec. 4, *supra*, a los hechos en controversia. La diferencia de criterio entre las partes reside en el alcance del "privilegio restringido" reconocido en ese precepto.

La primera parte de la sec. 4, *supra*, constituye una limitación a la excesiva amplitud que puede significar una ambigua interpretación o aplicación de la sec. 2, *supra*. **[4]** La parte pertinente de la sec. 4, *supra*, claramente indica que: "[n]**o se tendrá por maliciosa, ni como tal se considerará la publicación que se hace en un procedimiento** … **judicial u otro procedimiento cualquiera autorizado por ley**".

Para prevalecer en una acción de libelo o calumnia, el apelante, como figura pública, tiene que probar ante el TPI, que los apelados incurrieron en culpa (o "falta"). El derecho aplicable vigente reconoce que los Estados pueden establecer responsabilidad civil por expresiones calumniosas, difamatorias o libelosas en los casos de sus ciudadanos ("públicos" o *comunes*) en su jurisdicción, **siempre y cuando no se establezca responsabilidad absoluta o sin "falta"**. Se ha resuelto que dicho requisito de "falta" es la "malicia real" o la "negligencia" al publicar la expresión difamatoria.

Nuestro vigente Código Civil (31 L.P.R.A. sec. 1 *et seq.*) dispone que el que "por acción u omisión causa daño a otro, interviniendo **culpa** o **negligencia**, está obligado a reparar el daño causado. …", (Art. 1802, *supra*, sec. 5142), y aplicado al tipo de controversia que nos ocupa se puede entender que para reclamar daños se requiere alguna falta, bien sea "culpa" ("malicia real") o negligencia. Para que la expresión "publicada" sea accionable en los casos de "funcionarios o figuras públicas" como demandantes, éstos tienen que probar "**malicia real**" como el elemento de **falta** requerido por nuestro ordenamiento jurídico.

El apelante en este caso se clasificó a sí mismo como figura pública. Por consiguiente, aun si aceptamos o reconocemos distinción semántica entre las acciones civiles de calumnia o libelo -que penalizan una expresión pública-, no podemos eludir el hecho de que uno de los requisitos fundamentales que tiene que probar el apelante en estos casos es el de "malicia real".

**Sin embargo, la Ley de Libelo y Calumnia de Puerto Rico, *supra*, establece una excepción estatutaria de responsabilidad por daños en nuestra jurisdicción que es relevante a la presente controversia.** La misma conforma el derecho vigente aplicable.

La argumentación parcial del apelante de que las excepciones o privilegios estatutarios que "chocan" con la Sección 8 del Artículo II de la Constitución son contrarias a derecho e inconstitucionales, desatiende totalmente la necesidad jurídica de **balancear** los derechos constitucionales de los ciudadanos. Igualmente apremiante resultan los derechos garantizados en otra disposición constitucional, a saber los derechos garantizados en la Primera Enmienda de la Constitución federal y los de la Sección 4 del mismo Artículo II de la Constitución del ELA que nos cita. En primer lugar, no todo "ataque" a la honra, reputación o vida familiar está absolutamente protegido, y en segundo lugar, el ordenamiento jurídico está saturado de excepciones particulares reconocidas como constitucionales para uno u otro derecho cuando ambos están encontrados o chocan entre sí.

Esto nos obliga a considerar caso a caso, cada controversia similar en el interés de balancear los dos derechos constitucionales encontrados. Si bien es cierto lo que plantea el apelante de que generalmente no se reconocen "derechos absolutos", ello aplica por igual a todos los derechos civiles, inclusive el derecho que esgrime el propio apelante.

Basta adelantar que el apelante no cita caso alguno que haya encontrado inconstitucional la sec. 4, *supra*. Por consiguiente, tenemos que armonizar los preceptos estatutarios con los constitucionales. Aún así, reconocemos que el "privilegio restringido" **tiene sus limitaciones**. Tampoco es como presumen los apelados de que cualquier expresión "emitida en un procedimiento judicial, no, repetimos, **no** produce una causa de acción por libelo". Por alguna razón es que se le conoce como "privilegio restringido". La limitación o "restricción" al privilegio existe cuando la expresión abusa del privilegio o se extiende fuera del foro autorizado.

El privilegio no existe en el vacío y las excepciones son pocas, **porque se relacionan a foros y procedimientos específicos autorizados por ley**. El "privilegio" es el resultado de una ponderación balanceada para fomentar otros beneficios civiles fundamentales a favor de la sociedad en general.

Atendidos los principios vigentes aplicables, es necesario analizarlos a la luz de los hechos ante nuestra consideración.

El apelante postula, unilateralmente, que el privilegio restringido de la sec. 4, *supra*, está supeditado a que la expresión no constituya un "ataque" a la honra de un ciudadano (o persona) y que la expresión que le imputa mentir y defraudar en la moción constituye un libelo *per se*. Aunque dicho planteamiento aparenta corrección, se queda corto del análisis comprensivo adecuado en derecho a la luz de los hechos que presenta su caso. **Toda demanda por incumplimiento de contrato, cobro dinero, mala práctica, fraude, o toda acusación criminal, etc., lleva consigo un "ataque" personalizado a la reputación del demandado o acusado**. De proceder el razonamiento del apelante, cualquier ciudadano que intente adelantar sus derechos en un tribunal lo tendría que hacer a riesgo de penalidad por libelo. Esa aprehensión contraria a derecho es similar a una impermisible censura previa.

Por otro lado, reconocemos que la "restricción" del privilegio existe, pero la "restricción" se "limita" a que la expresión no se haga **fuera del foro** en cuestión (independientemente de las posibles interpretaciones de lo que podría considerarse como "fuera" del foro, y como ello no resulta controversial en nuestro caso, no tenemos que pronunciarnos al respecto) o a que se **abuse del privilegio**, como sería un "ataque" **abusivo** que no tenga relación al asunto en controversia, investigación o debate en los foros "protegidos" con el privilegio.

Aunque, evidentemente, es un hecho que el apelante no es parte demandada en el pleito donde se hacen las expresiones en controversia, consideramos que las mismas se formulan por la igualmente evidente relación de la persona natural (el apelante) con las controversias que involucran a las entidades profesionales demandadas. Todas las expresiones en controversia, **sin pasar juicio sobre su veracidad o no, tienen que ver con la controversia del "incumplimiento de contrato y el cobro de dinero" de los litigantes**. Eso es compatible con el hecho de que el apelante se sometiera a la deposición que se alude en la controversia.

Las imputaciones sobre los entes o entidades corporativas del apelante se formulan como parte de las alegaciones que plantean las gestiones de cobro de dinero. Por su parte, las imputaciones sobre los procedimientos judiciales en las que el apelante aparece como deudor demandado se documentan en atención a información oficial. A su vez, la imputación de que el apelante se declaró en quiebra en ningún momento se controvierte como falsa.

Las imputaciones de que el apelante falseó hechos **en una deposición**, claramente se formulan en el interés de provocar, en el ánimo decisional del TPI, la inferencia de que existe una **controversia de hechos** que amerita resolverse en una vista plenaria. Las expresiones en controversia se hacen en el interés de derrotar una solicitud de sentencia sumaria. Por consiguiente, todas las imputaciones se formulan para crear esa inferencia de **controversia de hechos** que el TPI debe dirimir y adjudicar en un juicio plenario.

Es decir, las expresiones en controversia constituyen simplemente **las teorías legales** de esa parte. Ello no crea el grado de peligro o afrenta abusiva que una acción por libelo o calumnia intenta proteger. Nos parece que un litigio que ventila una controversia sobre incumplimiento de contrato y cobro de dinero, es el foro adecuado para vindicar la veracidad de las teorías legales de una parte.

En esta etapa procesal o en este procedimiento, no es pertinente resolver si las expresiones en controversia se formulan con "malicia real", ni resolver el aspecto de "falsedad" (o veracidad) de las imputaciones. La falsedad o veracidad de las expresiones de los apelados puede ser adjudicada adecuadamente como parte del

procedimiento judicial de la Demanda sobre incumplimiento de contrato y cobro de dinero. En ese procedimiento pueden vindicarse adecuadamente los derechos de a quien le asista la razón.

La desestimación de la Demanda de libelo en controversia conforma el interés del precitado precepto en evitar que los ciudadanos se inhiban innecesariamente de formular e intentar probar sus alegaciones en procedimientos investigativos o judiciales, por temor a penalidad del Estado.

De esa manera, este tipo de acción no se convierte en un instrumento de supresión indebida a la expresión pública o a la reclamación en un tribunal. De lo contrario, el Estado estaría patrocinando la auto censura o censura previa de la expresión en un legítimo procedimiento judicial. Una censura previa no favorece la política pública de que los ciudadanos adelanten sus testimonios en procedimientos judiciales o investigativos.

La presunción en contrario choca de frente con nuestra tradición democrática que favorece la libertad de expresión y el libre debate de ideas o pensamientos, sin menoscabo del derecho que intenta proteger la reputación y honra de los ciudadanos. Si presumimos que el "foro público" está suficientemente capacitado para dirimir entre **las teorías y opiniones** de los que participan del debate público, a la vez que le reconocemos particulares privilegios (libertad de expresión y de la prensa) a esos que "debaten" en público cuando aluden constantemente a otros, debemos reconocer también la adecuacidad del foro judicial para dirimir la veracidad o falsedad de las expresiones a la que se enfrentan mutuamente los litigantes, sin tener que recurrir a limitaciones a lo claramente preceptuado en la ley.

No nos cabe duda que el apelante en su Demanda, o "los demandados" en la Demanda de los apelados, conocen muy bien lo dispuesto en *Giménez Álvarez v. Silén Maldonado, supra,* no sólo en cuanto al privilegio en discusión, sino en cuanto a los recursos procesales que el TSPR reconoció como **disponibles** para el "agraviado" por expresiones alegadamente "ofensivas" en los escritos judiciales. La *Moción urgente solicitando se eliminen alegaciones y se impongan sanciones severas* que presentaron los demandados así **lo evidencia. [5]**

Obviamente, lo resuelto aquí no adjudica credibilidad sobre las expresiones en controversia y tampoco reconoce derechos o privilegios absolutos. Sencillamente, al analizar y balancear los derechos en controversia, concluimos que las expresiones alegadamente difamatorias **en este caso**, quedan cobijadas por la sec. 4, *supra.*

Las expresiones en controversia se hicieron en un procedimiento judicial y están dentro del marco de referencia de lo litigado. El TSPR expresó que "cualquier manifestación allí aseverada estaría impedida de considerarse como maliciosa para propósitos de una acción de libelo **si ésta tiene algún tipo de relación con el asunto en controversia**. *Giménez Álvarez v. Silén Maldonado, supra.* (Énfasis nuestro).

## IV

Por los fundamentos anteriores y por considerarla correcta en derecho, confirmamos la Sentencia apelada.

Así lo acuerda y manda este Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

**ESCOLIOS 2009 DTA 120**

**1.** KCD 05-4301 (903).

**2.** KDP 08-1138 (806).

**3.** *New Cork Times Co. v. Sullivan*, 376 U.S. 254 (1964) y su "progenie" de jurisprudencia aplicable.

4. Ambas referencias a la Ley de Libelo y Calumnia de Puerto Rico, *supra*.

5. *Quarae*, si en el caso de referencia proceden costas y honorarios de abogado.