Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| EDWIN GADIEL PAGÁN BURGOS<br>Apelante<br><br>v.<br><br>EFRAÍN SANTIAGO ORTIZ<br>Apelado | KLAN202300872 | Apelación procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso Núm.<br>HU2019CV001947<br><br>Sobre:<br>Libelo y Calumnia |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 17 de enero de 2024.

Comparece Edwin Gadiel Pagán Burgos (el apelante), solicitando la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Humacao, (TPI), el 29 de agosto de 2023.[1] Mediante dicho dictamen el foro primario declaró *Ha Lugar* una *Moción Solicitando Sentencia Sumaria* instada por Efraín Santiago Ortiz, (el señor Santiago Ortiz o apelado), y otros (en conjunto, los apelados), desestimando la demanda por daños, calumnia y libelo presentada por el apelante.

En el recurso de apelación se esgrime que incidió el TPI en lo siguiente: (1) su determinación sobre los hechos presuntamente incontrovertidos y; (2) la apreciación de que no se demostraron los elementos de la causa de acción instada.

---

[1] Notificada el 30 de agosto de 2023.

NÚMERO IDENTIFICADOR

SEN2024_____

## I. Resumen del tracto procesal

El 16 de diciembre de 2019, el señor Edwin Pagán Bonilla, padre del apelante, Edwin Gadiel Pagán Burgos, presentó una *Demanda* por sí y en representación de este último, en contra del señor Efraín Santiago Ortiz y otros. La *Demanda* tuvo como causa unas alegadas expresiones hechas por el señor Efraín Santiago Ortiz, el 4 de febrero de 2016, en el programa televisivo "Jay y sus Rayos X". Las referidas expresiones aludían a una denuncia realizada contra el señor Pagán Bonilla, por el delito de exposiciones deshonestas, a raíz de hechos ocurridos en el baño de varones de la tienda JC Penny, en Plaza las Américas, el 19 de febrero de 2001, hechos por los cuales resultó convicto en grado de tentativa.

En lo específico, en la demanda fue alegado que, en el referido programa televisivo, el señor Efraín Santiago Ortiz narró su versión de los hechos ocurridos el 19 de febrero de 2001 en la mencionada tienda, sosteniendo, entre otros, que: el señor Edwin Pagán Bonilla es *un enfermo que no debe estar en contacto con ningún niño … sabrá Dios a cuántos niños él le hizo lo mismo;*[2] que la fiscal del caso le había mencionado que había otras investigaciones por pedofilia contra el señor Pagán Bonilla, alrededor de 4 a 5 casos, una de ellas referente a su propio hijo, el aquí apelante, Edwin Gadiel Pagán Burgos.[3]

Los demandantes alegaron que las referidas expresiones del señor Santiago Ortiz eran totalmente falsas, fueron hechas con conocimiento de su falsedad y con el único propósito de inducir a error, difamar, crear opinión negativa y dañar la buena reputación del señor Edwin Pagán Bonilla. Que tales manifestaciones le han provocado daños emocionales y personales al señor Pagán Bonilla, afectándole su carrera profesional y de

---

[2] Anejo I del recurso de apelación, pág. 2.
[3] *Íd.*

servicio público, y a su hijo, el aquí apelante, por lo que reclamaron ser resarcidos.

Posteriormente, la causa de acción del señor Pagán Bonilla fue desestimada, mediante *Sentencia Parcial* de 4 de agosto de 2020[4], al juzgar el foro *a quo* que se encontraba prescrita. Por tanto, solo subsistió el reclamo de su hijo, el apelante, por haber sido menor de edad a la fecha de los hechos que dieron lugar al inicio de la acción legal.

Sin embargo, el señor Santiago Ortiz instó una *Moción Solicitando Sentencia Sumaria,* con referencia a la causa de acción restante, la del apelante. En esta moción el apelado enumeró nueve hechos que identificó como incontrovertidos, con alusión a la prueba que presuntamente los sostenían, arguyendo que la causa de acción de Edwin Gadiel Pagán Bonilla se basaba en los daños a nombre de su padre, y los efectos en el núcleo familiar, pero no a los daños que sufrió como hijo. Asimismo, alegó que las expresiones hechas en el programa de televisión eran ciertas, sostenidas por la convicción del señor Pagán Bonilla, según lo hacía así constar una Sentencia emitida por el TPI, cuya copia unió, y que tales manifestaciones formaban parte del derecho a la libre expresión que provee la Constitución.

A raíz de ello, el señor Pagán Burgos instó una *Moción en oposición a solicitud de sentencia sumaria presentada por el codemandado Efraín Santiago Ortiz.* Allí, el apelante señaló los hechos que los apelados promovieron como incontrovertidos en la moción de sentencia sumaria, para esgrimir argumentos en contrario, incluyendo la prueba documental que, adujo, servía para controvertirlos. Finalizó arguyendo que: la parte promovente de la solicitud de sentencia sumaria no había establecido de forma clara los hechos que sostuvo como incontrovertidos; el foro primario

---

[4] Esta *Sentencia* no fue incluida en el apéndice del recurso de apelación, sino que la obtuvimos a través de SUMAC, Entrada #15.

no contaba con la verdad de todos los hechos y; había elementos subjetivos que no hacía aconsejable decidir de manera sumaria el asunto.

Es así como, el 29 de agosto de 2023, el tribunal *a quo* emitió la *Sentencia* cuya revocación nos solicita el apelante, declarando *Ha Lugar* la *Moción de sentencia sumaria* instada por el apelado, por tanto, ordenando la desestimación de la causa de acción instada. Al así decidir, el foro primario enumeró diecisiete hechos como incontrovertidos, que a renglón seguido reproducimos.

1. La demanda en este caso se presentó el pasado 16 de diciembre de 2019 siendo el demandante menor de edad a esa fecha.
2. La demanda se refiere a hechos ocurridos el 4 de febrero de 2016.
3. La demanda se refiere a un solo incidente ocurrido en un programa de televisión Jay y sus Rayos X y expresiones del demandado relacionadas a un incidente que tuvo el hijo del demandado con el padre del aquí demandante.
4. En el programa de televisión el demandado indicó que la fiscal que investigó el caso contra Edwin Pagán Bonilla informó que había cuatro o cinco casos de pedofilia contra éste pendientes de investigación.
5. El Sr. Edwin Pagán Medina, padre del demandante fue denunciado criminalmente por violación al Artículo 106 del Código Penal (exposiciones deshonestas) por hechos acaecidos en el baño de varones de Plaza las Américas el 19 de febrero de 2001. En la misma se imputa que expuso sus partes íntimas al menor de 16 años Efraín Santiago Gutiérrez, hijo del demandado.
6. La Querella de la Policía fue la 200113821761, por el delito de Art. 106 del Código Penal contra Edwin Pagán Bonilla. ANEJO A, página 1 de la Moción de Sentencia Sumaria presentada por la parte demandada.
7. El Sr. Edwin Pagán Bonilla fue sentenciado por el Tribunal de Primera Instancia, Sala de San Juan caso El Pueblo de PR v. Edwin Pagán Bonilla, Criminal. Núm. 2001-0698, por tentativa de exposiciones deshonestas.
8. El Tribunal de Apelaciones confirmó la convicción del Sr. Pagán Bonilla por la tentativa de exposiciones deshonestas.
9. El demandado Efraín Santiago Ortiz, padre del entonces menor de edad Efraín Santiago Gutiérrez, ha expresado bajo juramento que presenció el incidente de que fuera objeto su hijo menor de edad en el baño de la tienda JC Penney donde Edwin Pagán Bonilla se metió al cubículo del baño y mostró sus genitales al menor.
10. El demandado Edwin Santiago Ortiz fue invitado al programa de televisión del presentador Jay Fonseca.
11. El demandado tenía conocimiento que Edwin Pagán Bonilla aspiraba a un puesto electivo en el PNP en el año 2016. Efectuó la entrevista, según la deposición, porque no podía permitir que un criminal fuera parte del gobierno.
12. En la entrevista televisada, el demandado Efraín Santiago Ortiz expresó que su aseveración de que el demandante Edwin Pagán Bonilla tenía otras investigaciones pendientes por pedofilia se lo manifestó la fiscal que vio el caso de su hijo, y así lo reveló en la entrevista.
13. El demandado indicó en la entrevista: "Eso me lo informó la fiscal del caso en ese momento porque el caso duró bastante tiempo.

Porque él cambió de abogado par de veces y la fiscal del caso fue la que me dijo que tenía 4 a 5 casos, uno de su propio hijo en Humacao.

14. El demandado Edwin Santiago Ortiz no identifica por nombre al hijo del Sr. Pagán Bonilla.

15. El demandado Edwin Santiago Ortiz no pudo identificar a la fiscal que le ofreció dicha información.

16. En su Contestación al Interrogatorio, el demandante Edwin Gadiel Pagán Burgos, expresó bajo juramento que "las expresiones del demandado pusieron en entredicho la confianza, honra, buen nombre y reputación de mi padre y mía ante nuestros amigos, familiares y la comunidad en general. Las expresiones del Sr. Efraín Santiago Ortiz provocaron sufrimientos daños y angustias mentales que se han perpetuado en el mundo cibernético. Lo dicho por el demandado nos afectó económicamente ya que contribuye a limitar los ingresos de mi papá y los ingresos de nuestro núcleo familiar."

17. No se presentó evidencia de ningún tipo relacionado con los alegados daños causados por la parte demandada.

Concluyó el TPI que las expresiones realizadas por la parte apelada en el programa televisivo aludido: eran ciertas y correctas, (lo que ató al hecho de que el señor Pagán Bonilla fue convicto por tentativa de exposiciones deshonestas) y; formaban parte del derecho a la libre expresión protegido por la Constitución. Añadió que la causa de acción del apelante, Pagán Burgos, se basaba en daños al nombre de su padre y del núcleo familiar, pero no relativos a daños causados a él como hijo.

En desacuerdo, el apelante, Pagán Burgos, acude ante nosotros mediante *recurso de apelación,* señalando la comisión de los siguientes errores por parte del foro primario:

a. Erró el TPI de Humacao al dictar sentencia sumaria considerando como incontrovertidos hechos que no son materiales ni esenciales a las controversias del caso.

b. Erró el TPI de Humacao al dictar sentencia sumaria desestimando la demanda al determinar que el demandante Edwin Gadiel Pagán Burgos no logró demostrar que existió negligencia del demandado Efraín Santiago Ortiz al hacer las expresiones difamatorias en su contra.

c. Erró el TPI de Humacao al dictar sentencia sumaria sin analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y sin determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos.

**II. Exposición de Derecho**

a.

El propósito de las Reglas de Procedimiento Civil es proveer a las partes que acuden a un tribunal una "solución justa, rápida y económica de todo procedimiento". 32 LPRA Ap. V, R.1; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Roldan Flores v. M. Cuebas et al., 199* DPR 664, 676 (2018); *Rodríguez Méndez et al. v. Laser Eye,* 195 DPR 769, 785 (2016), *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014). Procede dictar sentencia sumaria si "las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia si las hubiere, acreditan la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y pertinente y, además, si el derecho aplicable así lo justifica". Regla 36 de Procedimiento Civil, 32 LPRA Ap. V. R. 36; *González Santiago v. Baxter Healthcare,* supra; *Roldan Flores v. M. Cuebas et al.,* supra; *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 225 (2015), *SLG Zapata-Rivera v. J. F. Montalvo*, 189 DPR 414, 430 (2013).

Al revisar sentencias dictadas por Tribunal de Primera Instancia mediante el mecanismo de la sentencia sumaria, o las resoluciones denegatorias de una moción de sentencia sumaria, el Tribunal de Apelaciones se encuentra en la misma posición que el tribunal inferior para evaluar su procedencia. *Meléndez González et al. v. M. Cuebas*, supra. Al disponer de una moción de sentencia sumaria, el tribunal necesariamente tendrá que escudriñar las alegaciones de la demanda o las defensas interpuestas para determinar si existen hechos en controversia que deban esclarecerse mediante un juicio. *León Torres v. Rivera Lebrón*, supra. Los criterios para seguir por este foro intermedio al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con

exactitud por nuestro Tribunal Supremo. *Íd.* Según los tales, el Tribunal de Apelaciones debe:

1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos maneras: (1) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia; (2) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. *Meléndez González, et al. v. M. Cuebas*, supra. El primer punto se enfoca en que las partes que recurren a un foro apelativo no pueden litigar asuntos que no fueron traídos a la atención del foro de instancia. Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos. *Íd.,* pág. 115. También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia. *Vera v. Bravo*, 161 DPR 308, 335 (2004).

b.

La protección contra ataques abusivos a la honra y reputación surge del Art. II, Sec. 8 de la Constitución de Puerto Rico, LPRA, Tomo 1. Además, la fuente de protección civil contra ataques difamatorios es el Artículo 1536

del Código Civil de 2020, 31 LPRA sec. 10801. *Colón Pérez v. Televicentro de Puerto Rico*, 175 DPR 690, 726 (2009).[5] En vista de lo cual, la persona que reclame haber sido lesionada en su honor debe establecer que el demandado publicó una expresión falsa y difamatoria, por la cual sufrió daños, y que la conducta del demandado violó el estándar legal de conducta aplicable a las circunstancias particulares del caso, según las partes involucradas en el caso. *Íd.* Las partes involucradas en el caso refiere la clasificación del demandante, como funcionario o figura pública, o como persona privada. *Íd.*

La causa de acción de difamación conlleva la difícil tarea de balancear el alcance de la libertad de expresión y el derecho a la intimidad, ambos valores reconocidos como de alta jerarquía y de interés público en nuestro ordenamiento jurídico. *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 97–98 (1992).

Entonces, atendiendo propiamente las normas pertinentes a la consideración de las mociones de sentencia sumaria en casos sobre difamación, nuestro Tribunal Supremo ha expresado que este mecanismo es parte integral de la protección constitucional disponible al demandado en casos de difamación. *Colón Pérez v. Televicentro de P.R.*, 175 DPR 690, 723 (2009). En estos casos el propósito del aludido mecanismo procesal es evitar que la prolongación de los litigios tenga un impacto disuasivo sobre la libertad de expresión. *Villanueva v. Hernández Class*, 128 DPR 618, 643 (1991).

En *Colón Pérez v. Televicentro de P.R.*, supra, el Tribunal Supremo recogió la jurisprudencia que le precedía sobre la utilización de la sentencia sumaria en los casos sobre difamación, e identificó dos formas distintas para establecer qué procede en derecho para dictar sentencia bajo dicho

---

[5] En esta Opinión se alude al Artículo 1802 del derogado Código Civil. No obstante, por cuanto los hechos de este caso acontecieron durante el 2023, resulta de aplicación del Código Civil de 2020, el cual hemos citado.

mecanismo procesal. En primer lugar, indicó que se puede demostrar que no existe controversia real sustancial en cuanto a ningún hecho material y que, como cuestión de derecho, los sucesos alegados no son suficientes para establecer causa de acción alguna, ya sea porque se incumplen los requisitos necesarios o se configura una defensa afirmativa. La evidencia por utilizarse consiste en las declaraciones juradas y prueba documental admisible que el promovente someta con su moción o que obre en autos. Una vez el promovente justifique la desestimación sumaria, el demandante debe controvertir los hechos pertinentes con declaraciones juradas o prueba documental admisible. *Colón Pérez v. Televicentro de P.R.*, supra, a la página 724.

La segunda manera en que el promovente de la moción de sentencia sumaria puede cumplir con su carga inicial es alegando y demostrando que el demandante no tiene evidencia suficiente para establecer los requisitos de su reclamación, es decir, que carece de prueba para demostrar algún elemento esencial de la causa de acción. Además, tiene que persuadir al tribunal de que no es necesario celebrar una vista evidenciaria y que, como cuestión de derecho, procede que se desestime la reclamación. Luego de que el promovente satisfaga este requisito, el promovido está obligado a producir prueba específica que, de ser admitida y creída, demuestre todos los elementos de la causa de acción. *Colón Pérez v. Televicentro de P.R.*, supra, a la página 725.

**III. Aplicación del Derecho a los hechos**

Como ya se ha dicho, la *Sentencia* apelada fue dictada a través del mecanismo procesal que provee la Regla 36 de Procedimiento Civil, *supra*, la sentencia sumaria. En tanto la revisión de una Sentencia sumaria por este foro apelativo acontece *de novo*, se nos requiere primeramente verificar si las partes cumplieron con las formalidades que requiere dicha moción dispositiva, al igual que su oposición, para entonces verificar los asuntos

atinentes a las determinaciones de hechos presuntamente incontrovertidos y la aplicación del derecho correspondiente.

Vistas la moción dispositiva instada, y el escrito en oposición a esta, juzgamos que las partes cumplieron con los requisitos mínimos de forma que habilitan a este foro intermedio para examinar los asuntos planteados en el *recurso de apelación.*

Entonces, atendiendo propiamente los señalamientos de error alzados en el recurso de apelación, juzgamos que son susceptibles de discusión conjunta, por lo que así procederemos.

Inicia el apelante arguyendo que, del total de diecisiete determinaciones de hechos incluidas en la *Sentencia* apelada, solo las últimas dos, (las dieciséis y diecisiete), pudieran tener relación material con la causa de acción del apelante. Al así afirmar, advierte que la única causa de acción que subsiste en esta etapa es la suya, pues la de su padre, el señor Pagán Bonilla, fue desestimada mediante *Sentencia Parcial.* A partir de esta teoría legal el apelante sostiene que las determinaciones de hechos recogidas en su contra en la Sentencia apelada podrían ser materiales para la demanda en cuya parte figuraba el señor Pagán Bonilla (su padre), pero no respecto a su causa de acción. No tiene razón el apelante, y el asunto no merece mayor elaboración.

Comenzamos por indicar que, aunque el apelante sostuvo que las determinaciones de hechos aludidas no resultaban materiales para dirimir la moción dispositiva presentada, lo cierto es que se trata de una aseveración genérica a este nivel apelativo, que no particularizó sobre las razones por las cuales las identifica así, a pesar de que la parte promovida está llamada a discutir cada determinación de hecho de manera individual. Regla 36.3(b), 32 LPRA Ap. V, R. 36.3(b).

En cualquier caso, aunque trate de desvincularse de los hechos de la causa de acción iniciada por su padre, ya desestimada, juzgamos que la

relación fáctica enumerada por el TPI en la Sentencia apelada sí identificó hechos materiales en la causa de acción del apelante, al abordar las manifestaciones públicas del apelado, junto al proceso penal seguido en contra del señor Pagán Bonilla, y su convicción, presunto origen de los daños que fueron alegados. Juzgamos que no es siquiera concebible la causa de acción del apelante sin, como mínimo, partir de la enumeración de los hechos efectuada por el TPI en la Sentencia apelada, sobre la entrevista realizada en el programa televisivo, y el proceso penal seguido en contra del padre del apelante, razón por la cual resultan plenamente materiales.

Reiterando, en el contexto de una demanda por daños y perjuicios por presunta difamación, resulta material la veracidad o falsedad de las expresiones que alegadamente causaron el daño a indemnizar, además del contenido de las propias expresiones que se sostiene causaron daño. Las determinaciones de hecho aludidas precisamente tratan principalmente, por una parte, del proceso penal que aconteció en contra del padre del apelante, por exposiciones deshonestas, y del cual resultó convicto en grado de tentativa, y, por la otra, de las manifestaciones que el apelado hizo en público y dieron lugar a la causa de acción. Haber establecido, mediante prueba documental, que el padre del apelante sí resultó convicto por un cargo de tentativa de exposición deshonesta, como se hizo en este caso, está imbricado con las manifestaciones que sobre dicho hecho emitió el apelado en el programa televisivo, para determinar si fueron o no difamatorias. No tiene razón el apelante al pretender hacer una distinción entre su causa de acción, y la de su padre, para fines de la materialidad de los hechos enumerados en la Sentencia apelada.

Entonces, el apelante pasa a plantear que al foro primario no le correspondía utilizar el mecanismo de la Sentencia sumaria para dilucidar la alegación sobre los daños causados, en tanto nuestro Tribunal Supremo

ha manifestado que ello no es aconsejable cuando resulte necesario adjudicar elementos subjetivos, de intención y propósitos mentales. En la misma tónica, asevera que *los elementos de acto negligente y relación causal en este caso son fácilmente constatables y demostrables.*[6] Sin embargo, más allá de aseverar sobre la presunta facilidad de demostrar los elementos del acto negligente, no nos señaló de qué documentos se deriva tal afirmación. Visto que la causa de acción por difamación dimana del Artículo 1536 del Código Civil de 2020, *supra,* y tal articulado incluye entre los elementos a ser probados la intención o negligencia en el acto que dio lugar a unos daños alegados, el apelante estaba llamado a dirigirnos para identificar la prueba documental incluida en la moción dispositiva presentada, o en el escrito en oposición, que diera cuenta de tal elemento, pero no lo hizo.

Nos llama la atención, por otra parte, que, aunque en la Sentencia apelada se hizo mención expresa del derecho a la libre expresión de la parte apelada al hacer las expresiones públicas aludidas, en el recurso de apelación no se incluyera discusión alguna al respecto. Aun concediendo que el TPI se mostró parco al tratar este importante tema en la Sentencia apelada, según citamos, la causa de acción de difamación conlleva la difícil tarea de balancear el alcance de la libertad de expresión y el derecho a la intimidad, ambos valores reconocidos como de alta jerarquía y de interés público en nuestro ordenamiento jurídico. *Giménez Álvarez v. Silén Maldonado*, supra. Tocaba a la parte que solicita la revocación del dictamen apelado atender el asunto para persuadirnos a cambiar el rumbo decisorio tomado por el TPI, pero no lo hizo.

Entonces, para atender de manera breve el señalamiento de error tercero, *discutido* en el escrito de apelación en una sola oración, sépase que en *Pérez Vargas v. Office Depot Inc.*, 203 DPR 687 (2019), nuestro Tribunal Supremo manifestó que no resulta necesario formular determinaciones de

---

[6] *Recurso de apelación*, pág. 10.

hechos al resolver mociones que pueden disponer finalmente de un pleito, como lo es la sentencia sumaria. Sobre lo mismo, el alto Foro dispuso que cuando el pleito es resuelto mediante dictamen sumario, el único hecho adjudicado es justamente la inexistencia de hechos materiales en controversia, por tanto, no existe necesidad de consignar los hechos sobre los cuales no hay controversia, dado que éstos son los que fueron propuestos por la parte promovente de la solicitud. *Íd.*

Para finalizar, es necesario citar al Tribunal Supremo cuando señaló que, *no puede perderse de vista que, a fin de cuentas, el propósito cardinal del mecanismo de sentencia sumaria es proveer una solución justa, rápida y económica para aquellos litigios de naturaleza civil en los cuales no exista un conflicto o controversia genuina de hechos materiales. Pérez Vargas v. Office Depot Inc.,* supra. Vista la causa de acción del apelante, junto a la prueba documental que tuvo ante su consideración el TPI, estamos convencidos de que la Sentencia sumaria era el mecanismo apropiado para disponer de manera rápida y económica de una demanda cuya solución no ameritaba mayor prolongación, pues no tenía oportunidad real de prevalecer.

## IV. Parte dispositiva

Por lo fundamentos que anteceden, se confirma la *Sentencia Sumaria* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones