ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| RAMÓN TORRES NEGRÓN<br>Apelante<br><br>v.<br><br>ROLANDO VÁZQUEZ CABRERA Y OTROS<br>Apelado | KLAN202500463 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número:<br>CA2023CV01127<br><br>Sobre: Libelo, Calumnia o difamación y otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de junio de 2025.

Comparece el Sr. Ramón Torres Negrón (señor Torres Negrón o Apelante) mediante *Apelación* y nos solicita que revoquemos la *Sentencia* emitida el 25 de abril de 2025, notificada el 28 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). En esta, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria y, en consecuencia, decretó la desestimación con perjuicio de la presente causa de acción.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I.**

Conforme surge del expediente, el 14 de abril de 2023, el señor Torres Negrón instó la *Demanda* de epígrafe contra el Sr. Rolando Vázquez Cabrera, el Sr. Héctor L. Torres Montañez y de X, Y, Z (Apelados).[1] En esta, solicitó el resarcimiento por los daños y

---

[1] Apéndice del Recurso, Anejo 7, a las págs. 206-217; Entrada 1 SUMAC.

Número Identificador

SEN2025_____

perjuicios sufridos como consecuencia de la persecución maliciosa y difamación perpetuada en su contra.

Asimismo, expuso que es administrador del Condominio Los Corales en Isla Verde, Carolina (Condominio), así como propietario y residente de un apartamento en dicho complejo. A su vez, sostuvo que los Apelados son propietarios de un apartamento en el Condominio y que estos lo alquilan a terceros. Señaló que, ante el interés de lograr que los alquileres sean a corto plazo (tipo Airbnb), los Apelados han perpetrado un patrón de presentación de querellas infundadas y falsas ante el foro administrativo para impugnar la prohibición de dichos alquileres a corto plazo, así como, acusaciones ante el foro judicial al amparo de la Ley Núm. 284-1999, Ley contra el Acecho en Puerto Rico (Ley de Acecho), 33 LPRA sec. 4013 *et seq.* El Apelante enumeró nueve (9) querellas radicadas en su contra.[2] Además, añadió que los Apelados enviaron alrededor de siete (7) cartas para denunciar asuntos sobre el estacionamiento, el manejo de basura, multas administrativas y amenazas con acudir ante el Departamento de Asuntos del Consumidor (DACo). Sostuvo que, como consecuencia de los hechos anteriormente esbozados, se encuentra angustiado, se siente humillado, sufre de insomnio, ansiedad, temor, vergüenza, llanto, inquietudes, vergüenza, tristeza y desesperanza. Por tanto, solicitó al tribunal que le impusiera a los Apelados el pago de una suma no menor de cuatrocientos cincuenta mil dólares ($450,000.00), los honorarios de abogados por la cantidad de veinticinco mil dólares ($25,000.00), costas y gastos de litigio por diez mil dólares ($10,000.00), más los intereses legales sobre las cantidades reclamadas.

---

[2] Las querellas presentadas están identificadas con los siguientes alfanuméricos: a. CASO C-SAN-2022-0011590; b. CASO C-SAN-2022-0011583; c. CASO C-SAN-2022-0011847; d. CASO C-SAN-2022-0012231; e. CASO C-SAN-2022-0012546; f. CASO C-SAN-2022-0012547; g. CASO C-SAN-2023-0013447; h. CASO C-SAN-2022-0013389; i. CASO C-SAN-2022-0011014.

En reacción, el 3 de octubre de 2023, el señor Torres Montañez presentó una *Contestación a la Demanda* y solicitó que se declarara no ha lugar a la demanda.[3] A su vez, suplicó que impusiera a la Apelante los honorarios de abogado por la cantidad de veinticinco mil dólares ($25,000.00), costas y gastos de litigio por diez mil dólares ($10,000.00), más intereses legales sobre las cantidades reclamadas y honorarios por temeridad por diez mil dólares ($10,000.00). Luego, el 27 de junio de 2024, el señor Vázquez Cabrera presentó su *Contestación a la Demanda* y solicitó los mismos remedios que el señor Torres Montañez.[4]

Superadas las etapas iniciales del litigio, el TPI autorizó el descubrimiento de prueba. Cabe señalar que, durante la audiencia ante el foro primario, celebrada el 7 de octubre de 2024, el representante legal del Apelante indicó que las partes conocían la prueba documental del caso por haber estado envueltas en otros procedimientos. Asimismo, las partes procedieron a anunciar el calendario a seguir para el envío y contestación de requerimientos, interrogatorios, así como deposiciones. En consideración de lo anterior, el TPI estableció el 4 de febrero de 2025 como la fecha del cierre del descubrimiento de prueba. Además, consignó que la minuta de la vista constituiría la orden de calendarización al amparo de la Regla 37.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 37.3.[5]

Así las cosas, el 9 de enero de 2025, el TPI emitió una orden concediendo un término adicional final de diez días al Apelante para contestar el requerimiento de admisiones cursado por los Apelados. Allí, el foro primario destacó y apercibió que no se extendería el término para finalizar el descubrimiento de prueba.[6] Vencido el

---

[3] Apéndice del Recurso, Anejo 8, a las págs. 218-225; Entrada 33 SUMAC.
[4] Íd., Anejo 9, a las págs. 226-234; Entrada 67.
[5] Véase Apéndice págs. 235-236; Minuta notificada en autos el 10 de octubre de 2024.
[6] Véase Entrada 77.

referido término, el 6 de marzo de 2025, los Apelados presentaron una *Moción en solicitud de sentencia sumaria.*[7] En esta, consignaron los siguientes hechos no controvertidos:

1. La parte demandante, Ramón Torres Negrón, presentó la Demanda de epígrafe el 14 de abril de 2023, alegando causas de acción por persecución maliciosa y difamación en contra de los aquí comparecientes. Véase Demanda SUMAC 1

2. La parte demandada, Rolando Vázquez Cabrera y Héctor L. Torres Montañez, presentaron su Contestación a la demanda, negando categóricamente las alegaciones formuladas en su contra. Véase Contestación a Demanda. SUMAC 33 y 67

3. El 22 de octubre de 2023, la parte demandada Notificó un Requerimiento de Admisiones y Producción de Documentos dirigido a la parte demandante.

4. En sus respuestas al Requerimiento de Admisiones, la parte demandante admitió los siguientes hechos, los cuales no están en controversia:

a. Las querellas C-SAN-2022-0011014, C-SAN-2022-0011589, C-SAN-2022- 0011847, C-SAN-2023-0013389, C-SAN-2023-0013447, C-SAN-2023-0016609 y C-SAN-2023-0016737 fueron resueltas a favor de los demandados. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones de la 1 a la 7 y 26.

b. Los demandados actuaron en el ejercicio legítimo de sus derechos como titulares del condominio al presentar las querellas, sin excederse en sus facultades ni incurrir en conducta ilegal o impropia. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 9.

c. La parte demandante no ha presentado prueba alguna que demuestre la existencia de daños económicos directos como resultado de las querellas interpuestas. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 12 y 14.

d. Ninguna de las resoluciones emitidas por DACo ha concluido que las alegaciones formuladas por los demandados fueran difamatorias o maliciosas. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 17.

e. Los demandados no han obtenido beneficios económicos o financieros de ninguna naturaleza como resultado de las querellas presentadas. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 19.

f. En aquellos procedimientos en los que los demandados prevalecieron, DACo determinó que sus reclamos eran

---

[7] Íd., Anejo 5, a las págs. 16-117; Entrada 79. Con su petitorio incluyeron los siguientes documentos: Anejo I-*Requerimiento de Admisiones* y *Contestación a Requerimiento de Admisiones*; Anejo II-Declaración Jurada suscrita por Héctor L. Torres Montañez y Declaración Jurada suscrita por Rolando Vázquez Cabrera; Anejo III-Resoluciones emitidas por el DACo en las querellas números: C-SAN-2022-0011014, C-SAN-2022-001589, C-SAN-2022-0011847, C-SAN-2022-0013389, C-SAN-2023-0013447, C-SAN-2022-0011589, C-SAN-2023-0016609, C-SAN-2023-0016737; y Anejo IV- *Petición para hacer cumplir orden* referente a la querella número C-SAN-2022-001438, *Petición para hacer cumplir orden* referente a la querella número C-SAN-2022-001589 y *Sentencia* emitida en el caso número SJ2024CV06129.

legítimos y fundamentados en derecho. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 22.

g. Que en ninguna de las resoluciones del DACo se ha concluido que las alegaciones de los demandados fueran difamatorias o maliciosas. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 17.

5. Como parte de la prueba de la parte demandada, tampoco hay controversia en que varias de las querellas resueltas a favor de los aquí demandados han sido presentadas por el DACo mediante Petición para Hacer Cumplir Orden con Sentencia a favor del Véase Anejo IV – Peticiones Para hacer Cumplir Órdenes.

6. Como parte de la prueba de la parte demandada, de las Resoluciones de los casos ante el DACo C-SAN-2023-0016737 y C-SAN-2023-0016609 surge mediante orden, que la parte demandante fue referida a la Directora de Condominio para atender el asunto de la revocación de licencia del demandante como administrador de condominios. Véase Anejo III – Resoluciones del DACO a favor de la parte demandada, pág. 60 y pág. 67.

7. La parte demandada ha negado de manera inequívoca haber efectuado declaraciones falsas o difamatorias en perjuicio de la parte demandante, lo que impide configurar el elemento de falsedad esencial en una reclamación por difamación. Anejo II – Declaración Jurada.

8. La propiedad objeto de este litigio fue adquirida con el propósito de ser utilizada como residencia principal debido a su proximidad con el aeropuerto, lugar de trabajo de Rolando Vázquez Cabrera, quien efectivamente la habitó por un período de dos años, lo que desvirtúa cualquier alegación de uso indebido o de mala fe en la gestión de la propiedad. Anejo II – Declaración Jurada.

9. No existe controversia sobre el hecho de que múltiples titulares del condominio, además de los aquí demandados, han presentado querellas contra la administración, incluyendo a Angela Rowell, Jagadi Rodríguez, Ricardo Estrella y Josefina Saviñón. La acción selectiva de la parte demandante contra los aquí demandados evidencia la falta de fundamentos para sostener que estos han actuado con el propósito específico de hostigar o perseguirlo maliciosamente. Anejo II – Declaración Jurada.

10. La conducta de la parte demandante ha generado la pérdida de inquilinos para Rolando Vázquez Cabrera, quienes manifestaron sentirse acosados, lo que contradice la alegación de que los demandados han sido los causantes de daño alguno a la reputación o bienestar del demandante. Anejo II – Declaración Jurada.

A su entender, ante la ausencia de controversias medulares argumentaron que, las alegaciones del Apelante no cumplen con los elementos esenciales para sostener una causa de acción por difamación y persecución maliciosa, conforme a la normativa

aplicable. Por tal razón, solicitaron la desestimación de la causa de acción según presentada por el Apelante.

En reacción, el 25 de marzo de 2025, el Apelante instó una *Moción para oponernos a solicitud de sentencia sumaria.*[8] En esencia, arguyó que el presente caso no es uno apropiado para resolverse por la vía sumaria. Expuso que, los promoventes de la moción se limitaron a establecer en sus declaraciones juradas opiniones y conclusiones, sin incluir hechos específicos pertinentes. Objetó las propuestas, por entender que, algunas están en controversia[9] y otras son impertinentes o resultan ser meras alegaciones.[10]

---

[8] Íd., Anejo 6, a las págs. 118-205; Entrada 81. Junto a su oposición anejó lo siguiente: Anejo 1-Declaración Jurada suscrita por Héctor L. Torres Montañez; Anejo 2-Requerimiento de Admisiones; Anejo 3-Contestación a Requerimiento de Admisiones; Anejo 4-Resolución Sumaria emitida por DACo en la Querella número C-SAN-2022-0011847; Anejo 5-Resolución Sumaria emitida por DACo en la Querella número C-SAN-2023-0016243; Anejo 6-Resolución sobre la Ley 284 en el caso número CAL2842022-1784; Anejo 7-Resolución sobre la Ley 284 en el caso número CAL2842024-03272; Anejo 8-Correos electrónicos; y Anejo 9-Notificación de Querella ante el DACo en la querella número C-SAN-2023-0017286.

[9]    1. "Los demandados actuaron en el ejercicio legítimo de sus derechos como titulares del condominio al presentar las querellas, sin excederse en sus facultades ni incurrir en conducta ilegal o impropia. Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 9".

7. "Como parte de la prueba de la parte demandada, de las Resoluciones de los casos ante el DACO C-SAN-2023-0016737 y C-SAN-2023-0016609 surge mediante orden, que la parte demandante fue referida a la Directora de Condominio para atender el asunto de la revocación de licencia del demandante como administrador de condominios". Véase Anejo III – Resoluciones del DACO a favor de la parte demandada, pág. 60 y pág. 67. 7.

8. "La parte demandada ha negado de manera inequívoca haber efectuado declaraciones falsas o difamatorias en perjuicio de la parte demandante, lo que impide configurar el elemento de falsedad esencial en una reclamación por difamación. Anejo II – Declaración Jurada.

[10]    2. "La parte demandante no ha presentado prueba alguna que demuestre la existencia de daños económicos directos como resultado de las querellas interpuestas". Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 12 y 14.

3. "Ninguna de las resoluciones emitidas por DACO ha concluido que las alegaciones formuladas por los demandados fueran difamatorias o maliciosas". Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 17.

4. "Los demandados no han obtenido beneficios económicos o financieros de ninguna naturaleza como resultado de las querellas presentadas". Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 19.

5. "En aquellos procedimientos en los que los demandados prevalecieron, DACO determinó que sus reclamos eran legítimos y fundamentados en derecho". Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 22.

6. "Que en ninguna de las resoluciones del DACO se ha concluido que las alegaciones de los demandados fueran difamatorias o maliciosas". Véase Anejo I – Requerimiento de Admisiones y Contestaciones a Requerimiento de Admisiones 17.

Además, propuso once hechos sobre los cuales, a su entender, no existe controversia. Arguyó que, como no es figura pública no se requiere probar malicia real y que se ha establecido la negligencia que le ha provocado daños y perjuicios. Por tanto, ante lo que consideró como controversias existentes, solicitó al foro primario que se denegara el petitorio sumario promovido por los Apelados. Es de notar que, no surge de su escrito referencia alguna al descubrimiento de prueba o la Regla 36.6, *supra*. Justipreciado lo anterior, el 25 de abril de 2025, notificada el 28, el TPI emitió la *Sentencia* apelada.[11] En particular, concluyó lo siguiente:

> . . .
> Previo a emitir una determinación, se ha realizado un estudio del expediente en conjunto con la moción dispositiva, su oposición y correspondientes anejos. Nótese que, de un examen a las controversias que identificó la parte demandante en el informe de CAJ, respecto a las actuaciones de los demandados ante los foros, es un asunto de estricto de derecho, el cual puede adjudicarse mediante la vía sumaria. De igual manera, que la moción en oposición adolece de ciertos requisitos de forma a tenor con la Regla 36.3b de Procedimiento Civil. No obstante, fue evaluada y se examinaron sus anejos con detenimiento.
>
> En virtud de lo dispuesto en la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V; la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, y en atención a lo resuelto por el Tribunal Supremo de Puerto Rico en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019), acogemos la referida solicitud de sentencia sumaria y la declaramos Ha Lugar, sin necesidad de consignar y especificar todas las determinaciones de hechos y conclusiones de derecho que motivaron dicha determinación.[12]
> . . .

Insatisfecho, el Apelante presentó una *Moción para solicitar determinaciones adicionales de hecho y solicitud de reconsideración*.[13] En esta arguyó que, ante la existencia de controversias, el TPI no debió acceder al petitorio de los Apelados. Reiteró que, mediante su moción en oposición, presentó documentos y declaraciones juradas que demostraron su postura y siendo una causa de intención no procedía la adjudicación por la vía sumaria.

---

[11] Íd., Anejo 2, a las págs. 2-4; Entrada 89.
[12] Íd.
[13] Íd., Anejo 3, a las págs. 5-14; Entrada 90.

Nuevamente notamos que, de la referida moción no surge referencia al descubrimiento de prueba en este caso. Mediante *Orden*, notificada el 14 de mayo de 2025, el TPI declaró la referida moción No Ha Lugar.

Inconforme aún, el Apelante acude ante nos y plantea los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al dictar sentencia sumaria en el presente caso, a pesar de que tanto el derecho sustantivo aplicable a las causas de acción ejercitadas por el apelante no favorecía a los apelados y el derecho procesal aplicable a las mociones de sentencia sumaria tampoco avalaba dicha decisión.

> Erró el Tribunal de Primera Instancia al dictar sentencia sumaria sin permitir al apelante completar el descubrimiento de prueba en violación al debido proceso de ley y ni siquiera resolver las peticiones del compareciente para que se ordenara a los apelados someterse a deposición.

Los Apelados acreditaron su *Alegato en Oposición,* el 20 de junio de 2025. Con el beneficio de las posturas de ambas partes, procedemos a resolver.

## II.

### A. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025. Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe duda sobre los hechos esenciales y se cuenta con la evidencia necesaria, de manera que, solo resta aplicar el derecho. *Íd.*; *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.,* 2025 TSPR 6, resuelto el 15 de enero de 2025. Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal

encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* supra.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.,* supra. De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025.

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023). Véase, además, la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. Si el promovente de la moción incumple con estos

requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Econo y otro*, 213 DPR 80 (2023). Es un hecho medular el que puede afectar el resultado de la reclamación, conforme al derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, supra.

Cabe destacar que, la parte que desafía una moción de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón*, 204 DPR 20, 43 (2020). Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *León Torres v. Rivera Lebrón*, supra. A esos efectos, deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón*, supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la antes citada Regla 36.3 de Procedimiento Civil. *Íd.* En otras

palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679-680 (2018);

*Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [...] el Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra. Por ello, nuestra revisión es una *de novo,* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Acevedo y otros v. Depto Hacienda y otros,* 212 DPR 335, 352 (2023).

**B. Acción en daños y perjuicios por difamación**

En nuestra jurisdicción, la protección en contra de las expresiones difamatorias proviene de la Constitución del Estado Libre Asociado de Puerto Rico, de la Ley de 19 de febrero de 1902, conocida como la Ley de Libelo y Calumnia, 32 LPRA secs. 3141-3149, y del Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801. *Meléndez Vega v. El Vocero de PR,* 189 DPR 123 (2013); *Giménez Álvarez v. Silén Maldonado,* 131 DPR 91, 97-98 (1992).

La acción de daños y perjuicios por difamación reconocida en Puerto Rico incluye libelo y calumnia. *Ojeda v. El Vocero de P.R.,* 137 DPR 315, 325 (1994). Para que prospere una causa de acción de libelo, el promovente de dicha acción debe probar que la información que se reputa difamatoria es falsa, que esta fue publicada, que se refiere a la persona del difamado en particular y que le ocasionó daños reales. *Soc. De Gananciales v. El Vocero de P.R.,* 135 DPR 122, 129 (1994); *Villanueva v. Hernández Class,* 128 DPR 618, 642 (1991). De otro lado, la calumnia se configura cuando la expresión difamatoria es oral. *Ojeda v. El Vocero de P.R.*, supra, pág. 326.

El daño como consecuencia de la difamación es el menoscabo de la opinión que tienen los demás sobre el valor de una persona en particular. *Íd.*, pág. 329. También se refiere a la lesión causada a la reputación y a las relaciones en la comunidad, resultantes de la actuación difamatoria, tales como daños morales y angustias mentales. *Galib Frangie v. El Vocero,* 138 DPR 560, 571-572 (1995). Para que este se configure es imprescindible que la persona se entere que su honor ha sido perjudicado. *Ojeda v. El Vocero de P.R.*, supra.

La publicación de la expresión falsa y difamatoria es un elemento esencial para esta causa de acción. *Íd.* Sin embargo, en el caso de la persona privada, el mero hecho de que la información sea falsa no significa que tendrá derecho a ser indemnizada, salvo que demuestre que la imputación sobre su persona fue hecha de forma negligente. *Íd.*, pág. 328. A esos efectos, para que progrese una causa de acción de daños y perjuicios por difamación es ineludible evidenciar la ocurrencia de un acto u omisión culposo o negligente que produjo un daño y el nexo causal entre ambos. *Íd.*, pág. 329.

El propósito de la acción por difamación es resarcir el daño a la reputación personal de quien fue injuriado públicamente. *Soc. De Gananciales v. El Vocero de P.R.,* supra, pág. 127. En particular,

protegiendo las relaciones actuales y futuras del promovente de la acción con terceros, cuidando su imagen pública y evitando cualquier efecto negativo a su imagen. *Íd.*, págs. 126-127.

Cabe señalar que, la acción por difamación continúa siendo una acción torticera intencional, en cuanto a funcionarios y figuras públicas, y una acción de daños y perjuicios basada en negligencia, cuando el supuesto perjudicado es una persona privada. *Colón, Ramírez v. Televicentro de P.R.,* 175 DPR 690, 704 (2009).

Entre los criterios para determinar si una persona debe considerarse figura pública están: su prominencia en los asuntos de la sociedad; su capacidad para influenciar o persuadir en asuntos de interés público; su participación activa al discutir controversias públicas específicas con el fin de inclinar la balanza en la resolución de los asuntos envueltos. *Colón, Ramírez v. Televicentro de P.R.*, supra, pág. 708; *Oliveras v. Paniagua Diez,* 115 DPR 257, 263 (1984).

En *Colón, Ramírez v. Televicentro de P.R.,* supra, el Tribunal Supremo aclaró que es figura pública quien se lanza voluntariamente al ruedo público y quien goza de mayor oportunidad para acceder a los medios de prensa para contradecir la información falsa publicada sobre su persona. Posteriormente, en *Gómez Márquez et. al. v. El Oriental,* nuestro más Alto Foro estableció que también es figura pública quien ostenta una posición gubernamental de tal importancia que el público tiene un interés en sus cualificaciones y ejecutorias. *Gómez Márquez et. al. v. El Oriental,* 203 DPR 783, 803 (2020).

Los criterios a considerar para determinar negligencia en la publicación de información difamatoria respecto a una persona privada son: (i) la naturaleza de la información publicada, la importancia del asunto de que se trata y especialmente si ésta es difamatoria de su propia faz y puede preverse el riesgo de daños; (ii)

origen de la información y confiabilidad de su fuente; y (iii) razonabilidad del cotejo de la veracidad de la información tomando en consideración el costo en términos de dinero, tiempo, personal, urgencia de la publicación, carácter de la noticia y cualquier otro factor pertinente. *Colón, Ramírez v. Televicentro de P.R.*, supra, pág. 707.

### C. Persecución maliciosa

La persecución maliciosa es el uso injustificado de los procedimientos legales, civil o criminal, sin causa de acción probable, que produce daños a ésta. *García v. E.L.A.,* 163 DPR 800, 810 (2005). En nuestra jurisdicción, el Tribunal Supremo ha reiterado que no existe *per se* la acción civil de daños y perjuicios como consecuencia de un pleito civil. Más bien, el remedio disponible para la parte que es demandada de forma injustificada es la imposición de costas y honorarios de abogado. *Íd.* A modo excepcional, procede una causa de acción por persecución maliciosa ante circunstancias extremas de acoso, mediante la presentación de pleitos injustificados y maliciosos. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043 (2020).

### D. Descubrimiento de prueba

El funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 213 DPR 314, 333 (2023). Es por ello que, a éstos se les ha reconocido poder y autoridad suficiente para conducir los asuntos litigiosos ante su consideración y para aplicar correctivos apropiados en la forma y manera que su buen juicio les indique. *In re Collazo I,* 159 DPR 141, 150 (2003). El Tribunal de Primera Instancia tiene el deber ineludible de garantizar que los procedimientos se ventilen sin

demora, con miras a que se logre una justicia rápida y eficiente. *In re Pagani Padró,* 181 DPR 517, 529 (2011). Cabe señalar que, en el descubrimiento de prueba, a pesar de ser amplio y liberal, los foros de instancia gozan de una amplia discreción para regularlo, de manera que, se garantice una solución justa, rápida y económica. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023).

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Íd.* El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### III.

En su recurso, el Apelante argumenta que, el foro primario incidió al adjudicar la causa por la vía sumaria, a pesar de que el derecho sustantivo aplicable a las causas de acción ejercitadas por este no favorecía a los Apelados y que el derecho procesal aplicable no avalaba dicha decisión. A su vez, sostuvo que, la vía sumaria no era el mecanismo adecuado para tratar el caso debido a que, existen controversias medulares que envuelven elementos subjetivos. Asimismo, arguye que el tribunal estaba impedido de dictar sentencia sumaria debido a que la información que incluyeron los Apelados para promover la solicitud de sentencia sumaria era inadmisible, impertinente o insuficiente. De otro lado, sostuvo que erró el TPI al dictar sentencia sumaria sin permitir que este culminara su descubrimiento de prueba.

Según expuesto anteriormente, en virtud del deber que nos impone *Meléndez González et. al. v. M. Cuebas*, supra, revisamos *de novo* el petitorio sumario junto a los anejos que lo acompañan, así como, los respectivos escritos en oposición. Lo antes, con el fin de determinar si el foro primario incidió al dirimir y desestimar la presente controversia por la vía sumaria. *Roberto Jiménez Soto v. Carolina Catering Corp. y otros*, supra. De manera que, en primer lugar, nos corresponde en un principio evaluar si los escritos de las partes cumplieron con los requisitos de forma, expuestos en la Regla 36 de Procedimiento Civil. 32 LPRA Ap. V, R. 36.4.

Examinado el petitorio sumario promovido por los Apelados colegimos que cumple sustancialmente con las formalidades dispuestas en la citada regla. Ahora bien, de un examen de la moción en oposición instada por la Apelante notamos que no corresponden sus objeciones a cada una de las propuestas consignadas de forma ordenada tal como exige la normativa aplicable antes expuesta. Ahora bien, a pesar de reconocer que, en su oposición, el Apelante no acreditó la totalidad de las formalidades requeridas por la Regla 36, *supra*, somos de la opinión que, no procedería revertir la determinación judicial recurrida bajo esta consideración. Es decir, que tal incumplimiento, no implica la concesión automática de la sentencia sumaria solicitada por los Apelados.

Superado lo anterior y luego de evaluar los méritos del petitorio sumario, determinamos que el foro primario no incidió en su proceder. Los Apelados en su solicitud de sentencia sumaria incluyeron prueba fehaciente para probar los hechos incontrovertidos señalados, entre estos documentos y declaraciones juradas.[14] También, incorporaron como anejo las respuestas del

---

[14] Apéndice del Recurso, Anejo 5, págs. 16-117; Entrada 79 SUMAC.

requerimiento de admisiones dirigido al Apelante.[15] En dicho requerimiento, el Apelante admitió que siete (7) de las querellas presentadas fueron resueltas en contra de este. Además, mediante declaraciones juradas, sostuvieron que múltiples titulares han presentado querellas en contra de la administración y que la conducta del Apelante ha resultado en la pérdida de inquilinos para estos.[16]

Por otra parte, precisa señalar que, corresponde a la parte que se oponga demostrar que existe una controversia de hechos y, como regla general, deberá presentar las contradeclaraciones y los documentos que refuten los del promovente. *E.L.A. v. Cole*, supra, pág. 626. Evaluada la moción opositora, es apreciación de este foro que la parte Apelante no logró probar la existencia de hechos esenciales en controversia mediante la documentación anejada en la antedicha *Moción*.[17] Es menester destacar que, el Apelante únicamente anejó copias de las querellas presentadas por los Apelados que fueron desestimadas.[18] Sin embargo, de un examen minucioso del expediente, surge que, la mayoría de las querellas presentadas en su contra prosperaron a favor de los Apelados. Además, luego de evaluada la declaración jurada, concluimos que lo dispuesto por el Apelante, tampoco logró controvertir los hechos incontrovertidos propuestos por los Apelados.[19]

De nuestro análisis del escrito se desprende que, el Apelante identificó como único asunto en controversia, si la conducta de los Apelados fue constitutiva de difamación, persecución maliciosa y en violación al Artículo 1536 del Código Civil. En atención al planteamiento del Apelante sobre los presuntos elementos

---

[15] Íd., págs. 27-36. Las querellas resueltas en contra del Apelante están identificadas con los siguientes alfanuméricos: C-SAN-2022-0011014; C-SAN-2022-0011589; C-SAN-2022-0011847; C-SAN-2023-0013389; C-SAN-2023-0013447; C-SAN-2023-0016609; C-SAN-2023-0016737.
[16] Íd., págs. 38-39.
[17] Íd., Anejo 6, págs. 118-205; Entrada 81 SUMAC.
[18] Íd. véase Anejos 4, 5, 6 y 7 de la Moción en Oposición a la Sentencia Sumaria.
[19] Íd., véase Anejo 1 de la Moción en Oposición a la Sentencia Sumaria.

subjetivos que impiden la adjudicación de la causa por la vía sumaria, el Tribunal Supremo ha determinado que, el mecanismo de sentencia sumaria se permite utilizar en reclamaciones que requieren elementos subjetivos o de intención siempre y cuando de los documentos a ser considerados en la solicitud de sentencia sumaria surge que, no existe controversia en cuanto a los hechos materiales. *Roberto Jiménez Soto v. Carolina Catering Corp. y otros*, supra. Por tal razón, coincidimos con el foro primario en que únicamente restaba por resolverse un asunto estrictamente de derecho.

Puntualizamos que, en ausencia de controversias sobre hechos medulares, la sentencia sumaria es el mecanismo adecuado si solo resta la aplicación del derecho. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.*, supra. En su pronunciamiento el foro primario correctamente fundamentó su proceder de adjudicar la causa sin necesidad de consignar y especificar todas las determinaciones de hechos y conclusiones de derecho sobre lo resuelto por el Tribunal Supremo en *Pérez Vargas v. Office Depot*, supra. En esa ocasión el Alto Foro dictaminó que, cuando el pleito en su totalidad es resuelto mediante un dictamen sumario -como ocurrió en este caso- el único hecho adjudicado es justamente la inexistencia de hechos materiales en controversia. *Íd.* a la pág. 704. Añadió que, el texto de la Regla 42.2 de las Reglas de Procedimiento Civil, supra, diáfanamente exime a los tribunales de consignar sus determinaciones de hechos al momento de dar lugar a una moción de sentencia sumaria. Además, según lo expuesto en la Regla 36.4 de las Reglas de Procedimiento Civil, *supra,* únicamente exige la consignación de hechos controvertidos e incontrovertidos cuando se deniegue total o parcialmente una moción de sentencia sumaria. *Pérez Vargas v. Office Depot*, supra, a la pág. 706. A la luz de lo

anterior, como cuestión de derecho, el foro primario no incidió en su proceder.

Hemos revisado cuidadosamente el expediente y concluimos que, no existe controversia en cuanto a los hechos materiales en el presente caso, por lo que, el foro primario correctamente determinó que no había impedimento jurídico para no atender el caso por la vía sumaria. Conforme a lo expuesto, puntualizamos que debido a que los hechos incontrovertidos presentados por los Apelados no fueron controvertidos por el Apelante, nos resta evaluar *de novo* la aplicación del derecho a la presente causa.

En *primer* lugar, nos corresponde determinar, si en efecto, se sostiene la causa por difamación promovida por el Apelante. Es hartamente conocido que para determinar el estándar de prueba requerido en una controversia en la que se alega difamación, el tribunal debe determinar si el que promueve la acción es una figura pública o privada.  Entre los criterios para determinar si una persona debe considerarse figura pública están: su prominencia en los asuntos de la sociedad; su capacidad para influenciar o persuadir en asuntos de interés público; su participación activa al discutir controversias públicas específicas con el fin de inclinar la balanza en la resolución de los asuntos envueltos. *Colón, Ramírez v. Televicentro de P.R.*, supra, pág. 708; *Oliveras v. Paniagua Diez,* supra, pág. 263. Luego de examinar la totalidad del expediente ante nos, determinamos que, no surge del expediente ante esta Curia, evidencia que nos permita determinar que el Apelante constituye una figura pública. Por tanto, el estándar aplicable es el de figura privada.

Con ello en mente, el Tribunal Supremo dispuso que los criterios a considerar para determinar negligencia en la publicación de información difamatoria respecto a una persona privada son: (i) la naturaleza de la información publicada, la importancia del asunto

de que se trata y especialmente si ésta es difamatoria de su propia faz y puede preverse el riesgo de daños; (ii) origen de la información y confiabilidad de su fuente; y (iii) razonabilidad del cotejo de la veracidad de la información tomando en consideración el costo en términos de dinero, tiempo, personal, urgencia de la publicación, carácter de la noticia y cualquier otro factor pertinente. *Colón, Ramírez v. Televicentro de P.R.,* supra, pág. 707; *Pérez v. El Vocero de PR,* supra, pág. 448. Del expediente surge claramente que el Apelante no probó los criterios esbozados, pues, no presentó prueba sobre las publicaciones o actuaciones de los Apelados que el entiende difamatorias.[20] Así, pues, el Apelante no nos ha puesto en posición para determinar que, el TPI haya errado al determinar que en la presente causa no se cumplen los requisitos para una causa de acción por difamación.

En atención al planteamiento sobre persecución maliciosa, esta se propende con la radicación maliciosa y sin causa de acción probable, de un proceso criminal o civil contra una persona, que produce daños a ésta. *García v. E.L.A.,* supra, pág. 810. Para determinar si una parte ha incurrido en persecución maliciosa, se debe evaluar los siguientes requisitos: 1. Que una acción civil fue iniciada o un proceso criminal instituido por el demandado o a instar de éste; 2. Que la acción, o la causa, termina de modo favorable para el demandante; 3. Que fue instituida maliciosamente y sin que existiera causa probable; 4. Que el demandante sufrió daños y perjuicios como consecuencia de ello. Íd.

Evaluados los requisitos anteriormente esbozados, colegimos que el TPI no incidió al concluir que en este caso no se reúnen los criterios constitutivos de una persecución maliciosa en contra del Apelante. Según expuesto anteriormente, a pesar de que algunas querellas presentadas en contra del Apelante fueron desestimadas,

---

[20] Apéndice del Recurso, Anejo 6, págs. 118-205; Entrada 81 SUMAC.

lo cierto es que siete (7) fueron resueltas a favor de los Apelados.[21] De esta forma no identificamos que las causas instadas terminaran a favor del Apelante. En su consecuencia colegimos que el foro primario no se apartó de los criterios jurídicos en su análisis del derecho aplicable a esta causa.

Finalmente, con relación al señalamiento del descubrimiento de prueba, precisa resaltar que, según el expediente, el TPI autorizó el descubrimiento de prueba, dispuso sobre el calendario y permitió prórrogas dentro de su manejo de los asuntos interlocutorios. Se demuestra que, desde el 7 de octubre de 2024, el foro judicial notificó -sin objeción alguna de las partes- que el periodo para concluir el descubrimiento de prueba era hasta el 4 de febrero de 2025.

Al entender sobre la presente causa no identificamos en autos, actos afirmativos del Apelante en aras de agotar remedios para así ejecutar con diligencia alguna de las gestiones autorizadas en nuestras reglas procesales dentro del término permitido por el tribunal. Además, tampoco surge de las mociones presentadas que el Apelante haya levantado dicho cuestionamiento ante el foro primario.  Como se sabe es norma vigente que en apelación nos abstenemos de adjudicar cuestiones que no han sido atendidos en primera instancia, ante el foro judicial o el foro administrativo. *Trabal Morales v. Ruiz Rodríguez,* 125 D.P.R. 340, 351 (1990).

Indistintamente de lo anterior debemos puntualizar que, conforme la normativa antes expuesta, a pesar de que el descubrimiento de prueba es amplio y liberal, los foros de instancia gozan de una amplia discreción para regularlo, de manera que, se garantice una solución justa, rápida y económica. Además, reiteramos que el Tribunal Supremo ha manifestado que los tribunales apelativos no debemos intervenir con el manejo del caso

---

[21] *Íd.*

dispuesto por el TPI. *Citibank et al. v. ACBI et al.*, supra, pág. 736. Así, pues, las determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, supra, pág. 736. En síntesis, concluimos que el foro primario no erró en su facultad discrecional en el manejo del descubrimiento de prueba y permitir la presentación y adjudicación de la solicitud de sentencia sumaria en esta etapa de los procesos. Asimismo, no hallamos indicio alguno de pasión, prejuicio, parcialidad o error craso y manifiesto.

Dentro del marco jurídico antes enunciado y de conformidad con la facultad que nos confirió el Tribunal Supremo en *Meléndez González et al. v. M. Cuebas,* supra, dictaminamos que, el foro primario no incidió al declarar Ha Lugar el petitorio sumario promovido por los Apelados y, en su consecuencia, al desestimar con perjuicio la *Demanda* de epígrafe. Por todo lo anterior, no se cometieron los señalamientos de error.

**IV.**

Por las razones que anteceden, confirmamos la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones